## STEPHEN HOWARD *vs.* CHARLES I. HOOD.

Middlesex.　November 24, 1891. — January 8, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Master and Servant — Negligence — Fellow Servant.*

In an action at common law for personal injuries sustained by the plaintiff while in the defendant's employ, the evidence was that the plaintiff and another workman, under whose partial supervision he was placed, were left by the defendant, without directions, to unload a car standing on a railroad track near the defendant's building; that the other workman placed a movable platform or run from the car to the floor of the building, and, having loaded a box upon a truck and wheeled it over the run, directed the plaintiff to unload the car; and that the plaintiff wheeled one box over the run, and that, while drawing the second or third load, the run slewed out of position, and the plaintiff was struck by the handles of the truck, and injured. There was no evidence that the run was not properly made. *Held,* that, although such workman exercised some supervision over the plaintiff, yet they were fellow servants; and if such workman was negligent in setting the plaintiff to work on the run without fastening it, if this was required, his negligence was not to be imputed to the defendant.

TORT for personal injuries. Trial in the Superior Court, before *Hammond*, J., who ordered a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*P. J. Hoar*, for the plaintiff.

*F. T. Greenhalge*, for the defendant.

LATHROP, J. This is an action at common law for personal injuries sustained by the plaintiff while in the defendant's employ. At the close of the plaintiff's evidence, the justice of the Superior Court before whom the case was tried ruled that the evidence was insufficient to warrant a verdict for the plaintiff, and directed a verdict for the defendant; and the case comes before us on the plaintiff's exceptions.

The only evidence as to the manner in which the injuries were received comes from the plaintiff's own testimony. We have found some difficulty in ascertaining the ground upon which the plaintiff seeks to recover. His testimony is voluminous, covering eleven pages of printed matter; the brief of his counsel, instead of stating what facts it is contended the jury

might find or infer from the testimony, states merely abstract propositions of law; and we have not had the benefit of an oral argument.

So far as we can gather from the testimony, the plaintiff was working with Lowney, a fellow servant, who also, it may be fairly inferred, exercised some control over him, to unload a car standing on a railroad track near a building of the defendant. Lowney placed a movable platform or run from the car to the floor of the building, took a truck, loaded a box upon it, and wheeled it over the run. He then directed the plaintiff to unload the car. The plaintiff wheeled one box over the run, and, while drawing the second or third load, the run slewed out of position, and the plaintiff was struck by the handles of the truck, and was injured. There is no evidence that the run was not properly made. It does not clearly appear what caused the run to get out of position, and the only negligence imputed to the defendant is that the run was not securely fastened. There is no evidence that such a run was usually fastened. The defendant was not present at the time, and the plaintiff and Lowney were left to do the work in their own way. Although Lowney exercised some supervision over the plaintiff, yet they were fellow servants; and if Lowney was negligent in setting the plaintiff to work on the run, without fastening it, if this was required, his negligence is not to be imputed to the defendant. *Kelley* v. *Norcross*, 121 Mass. 508. *Johnson* v. *Boston Tow-Boat Co.* 135 Mass. 209. *McKinnon* v. *Norcross*, 148 Mass. 533, 537. *McGinty* v. *Athol Reservoir, ante,* 183.

*Exceptions overruled.*