PATRICK O'KEEFE vs. ALFRED M. BROWNELL & another.

Bristol.    October 29, 1891. — March 29, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Personal Injuries — Negligence of Fellow Workmen.*

A truck consisted of a plank about four feet long and a foot or more wide, across
one surface of which, near its centre, was attached an iron roller, revolving
upon an axis held to the side of the plank by suitable bearings. When placed
upon the floor with the roller down, the instrument could be easily moved
about with a load resting upon the plank, and when placed with the plank
down, it was intended to remain stationary, and beams or planks could then
be moved by resting them upon the roller and moving them while so sup-
ported. It was a movable tool, complete and in good order, and only danger-
ous, as any heavy object is dangerous, if carelessly allowed to fall from above
on a person below. It was liable, when used for certain purposes at the edge
of an open well, to fall into the well, to prevent which it could be fastened to
the floor on which it rested, or blocked with a cleat; but when used as a vehicle
on which to transport articles by its own motion, fastening or blocking would
wholly prevent its use. While placed with the plank down and stationary, and
in use by fellow workmen in landing upon the floor of an upper story heavy
planks hoisted by a block and fall, the truck fell through an opening in the
floor upon the plaintiff's intestate, who was on the story below. *Held*, in an
action under the St. of 1887, c. 270, for personal injuries occasioned to the plain-
tiff's intestate, that the absence of any appliance for blocking or fastening did
not make the truck a defective tool or machine; that the duty of using it in a
safe manner was the duty of the ordinary workman who handled and used it,
rather than a duty of the employer or a duty of superintendence; that the
omission to use appliances for blocking or fastening was not negligence of a
superintendent, or want of superintendence, but negligence of fellow work-
men; and that the plaintiff could not recover as against the employer.

TORT, under the St. of 1887, c. 270, and the amendments
thereto, to recover for personal injuries occasioned to the plain-
tiff's intestate while in the defendants' employ. The decla-
ration was as follows:

"And the plaintiff says that he is the duly appointed ad-
ministrator of the goods and estate of Daniel O'Keefe, that
said intestate, on September 8, 1890, while in the employ of
the defendants and in the exercise of due care, by the reason
of the negligence of a person in the service of the defend-
ants intrusted with and exercising superintendence, whose sole
and principal duty was that of superintendence, was injured;
from which injuries, after great mental and bodily suffering, on

the 12th day of September, 1890, he died. The said injuries occurred while the plaintiff's intestate was working upon a schoolhouse in New Bedford then in process of erection, in manner following, to wit: a heavy roller, used in the rolling of heavy timbers which had been hoisted from the lower floor of said building to the upper floor, was placed at the edge of a well, and said roller being in use on the third floor of said building, and not properly secured, did fall through said well to the lower floor of said building, striking with great force upon the intestate's head, thereby causing the injuries complained of. The plaintiff says that he, within thirty days after his appointment as administrator, gave written notice, as required by statute, to the defendants.

"The plaintiff further says that he relies upon the statute of 1887, c. 270, and the amendments thereto.

"2d count. The said plaintiff as described in the first count further says, that his intestate, as described in the first count, was injured by reason of a defect in the condition of the ways, works, or machinery connected with or used in the business of the defendants, which arose from or had not been discovered or remedied owing to the negligence of the employers, or of any person in the service of the employers and intrusted by them with the duty of seeing that the ways, works, or machinery were in proper condition.

"And the plaintiff says that his intestate was in the exercise of due care, and that the defendants were not. The plaintiff further says, that he gave the notice and relies upon the statute, as alleged in the first count."

Answer, a general denial.

At the trial in the Superior Court, *Hopkins*, J. ruled, at the close of the evidence, that the plaintiff was not entitled to have the case submitted to the jury under either count, and directed a verdict for the defendants; and the plaintiff alleged exceptions. The facts appear in the opinion.

*F. V. Fuller*, for the plaintiff.

*C. W. Clifford*, for the defendants.

BARKER, J. It is unnecessary to consider whether the notice was good, since upon the evidence the plaintiff has no right of action under either count of his declaration.

The duty of securing the tool by the fall of which the plaintiff's intestate was injured, so that when in use for the purpose for which it was employed at the time of the accident it would not be liable to fall, was not a duty of superintendence. If the tool as then used constituted, with its surroundings, a defect in " ways, works, or machinery," the defect arose solely from the negligent use of the tool by fellow workmen of the plaintiff's intestate, and did not arise from the negligence of the defendants, or of any person in their service intrusted with the duty of seeing that the ways, works, and machinery were in proper condition. It was not negligence for the defendants not to have discovered and remedied it, by themselves or others.

The accident was occasioned by the fall of a heavy truck through an opening in a floor, upon the plaintiff's intestate, while the truck was in use by his fellow workmen in landing upon the floor of the story above him heavy planks hoisted by a block and fall. The truck consisted of a plank some four feet long and a foot or more wide, across one surface of which, near its centre, was attached an iron roller, revolving freely upon an axis held to the side of the plank by suitable bearings. When placed upon the floor with the roller down, the instrument could be easily moved about with a load resting upon the plank. When placed with the plank down, the instrument was intended to remain stationary, and beams or planks could then be moved by resting them upon the roller and moving them while so supported. The truck was in use by the latter method when the accident occurred. It was a movable tool, designed and adapted for various uses, and in different places about the building. It was complete and in good order, and only dangerous, as any heavy object is dangerous, if carelessly allowed to fall from above upon a person below. When used for certain purposes, for which it was among others designed, it would have a tendency to be displaced by the motion of the articles put upon it, to facilitate the motion of which its roller was designed and adapted to be used while the truck was stationary. If so used at the edge of an open well, it might fall into the well; to prevent this, it could be fastened to the floor on which it rested, or blocked with a cleat. But when used as a vehicle on which to transport articles by its own motion, fastening or blocking

would wholly prevent its use. The absence, therefore, of any appliance for blocking or fastening did not make it a defective tool or machine. Like a barrow, an inclined plane, a roller, a screw, or blocking timber, and many other utensils used in building, it was to be often moved about, and the means of avoiding danger in its use varied constantly with its situation and the work. It was a common and well known tool, and the duty of using it in a safe manner was the duty of the ordinary workmen who handled and used it, rather than a duty of the employer or a duty of superintendence. The means of blocking or fastening it when necessary were of the simplest, and always at hand, being only nails and bits of wood suitable for cleats. It was not the duty of the employer, but of the ordinary workmen, to see that they were used. The omission to use them was not negligence of a superintendent, or want of superintendence, but mere negligence of fellow workmen in the use of a familiar, simple, and complete tool, well adapted to the work for which it was then in use, and for other work. If suffered to fall through the open well, it would become dangerous merely by its weight. Its liability to be displaced by the use made of it when the accident happened varied with the weight and direction of motion of each plank in the moving of which it was used, and its position was from time to time changed at the convenience of the workmen. The whole manner of its use was their affair, and not that of a superintendent, or of the employer. As was said in *McGinty* v. *Athol Reservoir Co.* 155 Mass. 183, 187, of another utensil which was intended to be changed from place to place as occasion required : " The moving of it, and adjusting and securing it, was one of the duties of the workmen, and connected with and a part of the work in which they were engaged." In this case, as in that, it was a part of their duty to move the utensil and place it for use, and to fasten it if necessary, and if there was any negligence in the manner of using it without a fastening, it was their negligence, and not the negligence of the employer, or of his superintendent. *McGinty* v. *Athol Reservoir Co. ubi supra*, and cases cited. *Howard* v. *Hood*, 155 Mass. 391.

Upon this view, the plaintiff could not recover upon either count.          *Exceptions overruled.*