EMMA J. TRIM, administratrix, *vs.* FORE RIVER SHIP BUILDING COMPANY.

\

Norfolk.    March 15, 1912. — May 22, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DeCOURCY, JJ.

*Negligence,* Employer's liability, *Res ipsa loquitur.* *Evidence,* Presumptions and burden of proof.

In an action against a ship building corporation to recover for the conscious suffering and death of an employee while working near the bottom of the boiler room hatch of an uncompleted vessel, where it appeared that the hatch was

wholly sheathed in, forming a casing for the smoke stack open at the top, that there was no motion to the vessel, that there was a coaming around the top of the hatch on the deck eighteen inches high, and that the employee's injuries and death were caused by the falling upon him of an angle iron, but there was no evidence as to where the angle iron was before it fell, as to whose property it was or as to what caused it to fall, it was held that a verdict properly was ordered for the defendant.

In order for the plaintiff in an action for personal injuries to make out a *prima facie* case in proof of negligence of the defendant by the use of the presumption that arises from the occurrence of the accident, it must appear that the instrumentality which inflicted the injury was in the control of the defendant and subject to his use and inspection, and that the accident was one which in the ordinary experience of mankind would not have happened except from negligence of the defendant or of others for whose negligence the defendant was legally responsible.

DeCourcy, J.  The plaintiff, as administratrix, seeks to recover damages for the conscious suffering and death of her husband James W. Trim, an employee of the defendant, who was injured while working near the bottom of the boiler room hatch of an uncompleted vessel.  This hatchway was wholly sheathed in, forming a casing for the smoke stack, and was open at the top.  Trim was killed by an angle iron, one hundred and five pounds in weight, falling on him from above.

The defendant concedes that the deceased was in the exercise of due care, and that he did not assume the risk; but it contends that the plaintiff has not sustained the burden of proving that the injury was caused by any negligence on its own part or on that of any person for whose negligence it is legally responsible.  There was no testimony showing where the angle iron was before it came down.  So far as the evidence disclosed it was not to be used in the defendant's work, and the general foreman testified that he had been unable to find out why it was on the vessel.

In the absence of any proof as to what caused the iron to fall upon the deceased, the plaintiff invokes the doctrine of *res ipsa loquitur,* contending that the mere occurrence of the injury raises a presumption of culpability on the part of the defendant. Undoubtedly there are instances where the proof of negligence sufficient to make out a *prima facie* case may be supplied by a presumption that arises from the occurrence of the injury.  But in such cases it must appear that the instrumentality which inflicted the injury was in the control of the defendant, subject to his use

and inspection, and also that the accident was one which in the ordinary experience of mankind would not have happened unless from the negligence of the defendant or that of others for whose negligence he is legally responsible. Where the injury might well have resulted from any one of many causes, the plaintiff, by a fair preponderance of the evidence, must exclude the operation of those causes for which the defendant is under no legal obligation. *Carter* v. *Boston & Albany Railroad*, 177 Mass. 228. *Hofnauer* v. *R. H. White Co.* 186 Mass. 47. *Wadsworth* v. *Boston Elevated Railway*, 182 Mass. 572.

In the present case clearly the doctrine of *res ipsa loquitur* does not apply. We have here the naked fact that the angle iron fell upon the deceased. The evidence does not show that it was the property of the defendant or under its control. We cannot assume that it would not have fallen through the hatchway except by reason of negligence on the part of the defendant, because it is equally inferable that the accident occurred without its negligence. Perhaps the most reasonable inference is that some of the three hundred and fifty fellow workmen of the deceased, through misadventure or carelessness, allowed the iron to fall from their hands, in which event the defendant would not be liable. *O'Keefe* v. *Brownell*, 156 Mass. 131. *Fay* v. *Wilmarth*, 183 Mass. 71. The suggestion that the angle iron may have been left upon the deck and have fallen through the opening is overcome by the evidence that there was no motion of the vessel, and that the coaming around the hatch on the top deck was eighteen inches high. *McCauley* v. *Norcross*, 155 Mass. 584. Without considering other conjectures, manifestly it cannot be said that the iron could not have fallen except for negligence on the part of the defendant. We are constrained to find that upon the evidence presented the trial judge* rightly directed a verdict for the defendant.

*Exceptions overruled.*

*F. W. Dallinger,* (*T. W. Cunningham* with him,) for the plaintiff.
*J. Lowell & J. A. Lowell,* for the defendant.

---

* The case was tried before *Bishop*, J., after whose death exceptions of the plaintiff were allowed by *Aiken*, C. J.