MARGARET DEAGLE *vs.* NEW YORK, NEW HAVEN, AND HARTFORD
RAILROAD COMPANY.

Suffolk.    November 18, 1913. — February 27, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Negligence*, Railroad, *Res ipsa loquitur.   Evidence*, Presumptions and burden of
proof, Matters of conjecture.

At the trial of an action against a railroad corporation by a woman to recover
for injuries alleged to have been sustained by being struck by a missile which
crashed through a window near which the plaintiff was sitting on a train oper-
ated by the defendant, the plaintiff was her only witness, and testified that
the missile came through the window, making a hole about the size of a half
dollar, either just as or just after a train of the defendant on a nearby and
parallel track passed the car she was in, and that later she found a black oil
mark on her coat where she was struck. At the point where the accident hap-
pened, the defendant's roadbed was twenty feet above the level of the street
and was sixty-five feet wide, with four sets of parallel tracks. A baggage master
in the employ of the defendant testified that, searching the car afterwards, he
found a stone about the size of a hen's egg, with no oil mark upon it. *Held*,
that a verdict for the plaintiff was not warranted, because what the missile
was and whence it came were wholly matters of conjecture; *and also*, that the
doctrine of *res ipsa loquitur* did not apply because whether the missile was an
instrumentality in the defendant's control was wholly conjectural.

TORT for personal injuries alleged to have been caused, while
the plaintiff was a passenger on a train of the defendant, by a
missile which crashed through a window and struck her. Writ
dated August 22, 1910.

In the Superior Court the case was tried before *Sanderson*, J.
The plaintiff alone testified in her own behalf, and her testimony
and that of the baggage master of the train, who, with others,
testified for the defendant, are described in the opinion.

At the close of the evidence, by agreement of the parties the
case was submitted to the jury for assessment of damages alone.
The jury found that the damages suffered by the plaintiff
amounted to $350. The judge then ordered a verdict for the
defendant and reported the case for determination by this court,
judgment to be entered for the defendant if the ruling was right,

and, if it was wrong, judgment to be entered for the plaintiff in the sum of $350.

*J. F. Neal,* for the plaintiff.

*J. Wentworth,* for the defendant.

DE COURCY, J. The plaintiff was a passenger on a train of the defendant running from Hyde Park to Boston, and was seated on the left side of the car, next to the window. Soon after she passed the Heath Street station some object crashed through the glass, making a hole about the size of a half dollar, and struck her on the left arm, thereby inflicting the injury complained of. Later the baggage master, in searching, found a stone under the seats on the opposite side of the car from where the plaintiff sat. It was about the size of a hen's egg, corresponded with the hole in the window, and was clean, with no oil or grease on it. The plaintiff testified that a train going in the opposite direction passed her at Heath Street, and that two days after the accident she noticed a black oil mark on the outside of her coat where she had been struck. Her testimony is not clear as to whether this other train had already passed, or was passing her train when the window was broken. The defendant's roadbed was elevated twenty feet above the level of Heath Street, and was about sixty-five feet in width, with four sets of parallel tracks thereon.

The defendant carrier was not an insurer of the plaintiff's safety, and the burden was on her to prove that the injury was due to negligence on its part. The evidence presented falls short of sustaining that burden. If, as seems probable, the object which struck her was the stone that subsequently was found in the car, there is not the slightest evidence that the defendant was responsible for its presence. If it be assumed that some unknown missile struck the plaintiff, there is nothing to show what it was, where it came from, or what set it in motion. The argument that it probably came from the passing train, and was an insecurely fastened bolt or nut or a carelessly handled piece of coal, is based on a series of mere conjectures, and also ignores the improbability that such an object mechanically flying from a moving train would go in a horizontal direction at a right angle to the train, and that it would come from the height of a car window. Taking the evidence most favorable to the plaintiff, it fails to show that she was injured as a result of the defendant's

negligence. From the facts shown it is quite as probable that the accident was due to the act of a third person, or to some cause for which the defendant was not responsible.

As the plaintiff, by expressly eliminating the stone as the object that struck her, leaves the cause of her injury wholly a matter of conjecture, there is no ground for applying the doctrine of *res ipsa loquitur*. It is not shown that the missile which caused the injury was in the exclusive control of the defendant. Manifestly we cannot say from common experience or otherwise that the accident would not have happened unless from the negligence of the defendant or that of some person for whose negligence it is legally responsible. *Wadsworth* v. *Boston Elevated Railway*, 182 Mass. 572. *Trim* v. *Fore River Ship Building Co.* 211 Mass. 593. *Carney* v. *Boston Elevated Railway*, 212 Mass. 179. In accordance with the report judgment is to be entered for the defendant.

*So ordered.*