JOHANNA M. LOFTUS *vs*. FALL RIVER LAUNDRY COMPANY.

Bristol.    January 26, 1914. — February 28, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence*, Employer's liability, Causing death.  *Evidence*, Presumptions and burden of proof, Materiality.  *Practice, Civil*, Conduct of trial: ordering verdict.  *Witness*, Cross-examination.

In an action against a corporation conducting a laundry for causing the death of an experienced engineer in its employ by the escape of steam upon the blowing off of the bonnet of a steam valve of a boiler, where there is no direct evidence of what the deceased engineer was doing at or just before the time of the accident, if there is evidence that it was the engineer's duty to examine the valve and to tighten it if it needed tightening, and that after the explosion his body was found near the valve and with it the tools that he would have used upon it, and there also is evidence from which it can be inferred that he could not have caused the accident by carelessly loosening the bolt of the valve instead of tightening it, the question whether he was in the exercise of due care is for the jury.

Where in an action of tort there is evidence from which inferences can be drawn warranting a verdict for the plaintiff, the presiding judge should submit the case to the jury, even if he afterwards would set aside a verdict for the plaintiff as against the weight of the evidence.

In an action against a corporation conducting a laundry for causing the death of an engineer in its employ by the escape of steam upon the blowing off of the bonnet of a steam valve of a boiler, if there is evidence that a bolt of the valve had been left in a defective and dangerous condition for some days, it can be found that the defendant by the exercise of reasonable care could have discovered and remedied the defect, although the defect was not an open and obvious one, so that the engineer, who had no knowledge of it, did not assume the risk of an injury from it.

In an action against a corporation conducting a laundry for causing the death of an engineer in its employ by the escape of steam upon the blowing off of the bonnet of a steam valve of a boiler, where the plaintiff has called as an expert witness in regard to the cause of the accident a State inspector of boilers, and the defendant offers to show by the cross-examination of the witness that he has said, that under no circumstances would he have gone into the place where the engineer was at the time of the explosion to attempt to move the bolts if there were eighty pounds of steam on the boiler and that he would not have attempted to do this if he was in a four acre lot and could run away, it is proper for the presiding judge to exclude the evidence, it being immaterial what the witness would have done and still more immaterial what he said that he would have done.

TORT by the widow of Michael Loftus for causing his death while in the employ of the defendant, a corporation conducting a laundry. Writ dated October 4, 1911.

In the Superior Court the case was tried before *McLaughlin*, J. It appeared that the plaintiff's husband was injured and died, without conscious suffering, on April 26, 1911, at about seven o'clock in the morning. The injury was caused by the blowing off of the bonnet of a steam valve and the consequent escape of the steam. This valve was at the back of what was known in the engine room of the defendant as boiler No. 1 and was in an alley behind boiler No. 1. The plaintiff's husband had been employed by the defendant for about nine years before the accident. The evidence bearing upon the question whether the plaintiff's husband was in the exercise of due care is described in the opinion; where also evidence relating to the defendant's negligence is described briefly.

The plaintiff called as an expert witness in regard to the cause of the accident one Sullivan, a State inspector of boilers, whose testimony is referred to in the opinion. Upon the cross-examination of this witness the defendant asked him the following question: "And you wouldn't have gone in there under these circumstances for anything, would you?" Upon the plaintiff's objection the judge excluded the question. The defendant then offered to show that Sullivan had said that under no circumstances would he have gone into the place where Loftus was at the time of this explosion if there were eighty pounds of steam on the boiler and attempt to move the bolts. This offer was excluded, and the defendant excepted.

The defendant also offered to prove by the cross-examination of this witness "that he, Sullivan, made another statement that under no circumstances would he have gone in and attempted to loosen or tighten up on the bolts where there was eighty pounds of steam on, if he was in a four acre lot and could run away." This offer of proof was excluded, and the defendant excepted.

At the close of the evidence the defendant asked the judge to rule that upon all the evidence the plaintiff could not recover; that the plaintiff was not in the exercise of due care; and that the defendant was not negligent. The judge refused to make any of these rulings, and submitted the case to the jury.

The jury returned a verdict for the plaintiff in the sum of $4,500; and the defendant alleged exceptions.

*D. F. Slade*, for the defendant.

*C. R. Cummings*, for the plaintiff.

SHELDON, J. While the question is a very close one, the majority of the court are of opinion that the jury had a right to find that at the time of the accident the plaintiff's intestate was in the exercise of due care.

This valve had been repaired by a steam fitter a few days before the accident, but it had since been leaking. It was in the line of the intestate's duty to go down to examine the valve and to attempt to tighten it if it needed that. After the explosion, his body was found in a corner near the valve and the tools that he would have used upon it were also there. From the place in which parts of the valve were found and from their condition, it could have been inferred that he must have gone behind the boiler before the bonnet of the valve was blown off, and could not have caused the accident by any careless act of his own, by loosening (for example) the bolt instead of tightening it. There was evidence that the pressure of the escaping steam, if the bonnet had been blown off before his coming there, would have been too great to permit him to go in at all, and that, if he had attempted to turn the nut the wrong way, the steam would have escaped to such an extent as to have driven him away. Upon the testimony of Sullivan the State inspector it could be found to have been proper for the intestate to go down at once to this valve and give to it his immediate personal attention; and, so far as can be seen, it cannot be said that it was negligent for him to suppose that the only trouble with the valve was some leakage, or that it was not proper for him to attempt to stop that leakage at once by tightening the bolt. Apparently he could have done nothing except either to tighten or to loosen the bolt, and upon the circumstances which were in evidence it could be found that he did not loosen it. It is true that he was an experienced engineer, in charge of this engine and the boilers, and thoroughly familiar with their working. It is true also that there was no direct evidence of what he was doing at and just before the time of the accident, and that the burden was upon the plaintiff to show that he was in the exercise of due care, and that this cannot be presumed

in the absence of evidence. See the cases collected in *McCulloch v. Needham, ante,* 227. But here an inference can be drawn from the circumstances that were testified to.

Undoubtedly the evidence was meagre, and a finding in favor of the defendant reasonably might have been expected on this issue; but we can consider only whether there was any real evidence. If a finding is against the evidence, the remedy is by an application to the judge who presided at the trial. *Aiken* v. *Holyoke Street Railway,* 180 Mass. 8.

There was evidence of the defendant's negligence in having allowed the valve to get into a defective and dangerous condition and not having it properly repaired, in that the bolt was not put in squarely so as to fit properly, but a little crosswise, so that upon being brought up squarely in an effort to tighten it, it would be likely to fall out, with the result which happened. There was evidence that the bolt had been left in a defective and dangerous condition for some days; and the jury could find that in the exercise of reasonable care the defendant ought to have discovered and remedied this. Nor did it appear conclusively that the intestate was affected with notice of the defect and danger, however probable that may seem.

The intestate did not assume the risk of injury from a defect which was not open and obvious and of which he had no knowledge. This is elementary and requires no discussion or citation of authorities.

The defendant offered to prove that Sullivan had said that under no circumstances would he have gone into the place where the intestate was at the time of the explosion, if there were eighty pounds of steam on the boiler, and have attempted to move the bolts; and also that he had said that under no circumstances would he have done so if he was in a four acre lot and could run away. This was excluded, and the defendant excepted. The exclusion was right. It was immaterial what Sullivan would have done, and yet more immaterial what he might have said that he would have done. *Swan* v. *County of Middlesex,* 101 Mass. 173, 179. *Ryerson* v. *Abington,* 102 Mass. 526, 531.

The other exceptions to rulings on the admission of testimony have not been argued, and we treat them as waived.

*Exceptions overruled.*