ARTHUR M. CARD *vs.* TURNER CENTRE DAIRYING ASSOCIATION.

Essex.    May 15, 1916. — June 21, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Negligence,* Employer's liability, In operation of automobile. *Evidence,* Failure to call witness. *Witness.*

Where, at the trial of an action by an employee against his employer for personal injuries, received when the plaintiff was cranking an automobile truck of the defendant and caused by the engine "kicking back," the evidence most favorable to the plaintiff tended to show that the truck had been purchased by the defendant not more than five months before the plaintiff's injury and that it was new when purchased, that there had been no wearing of the engine or injury to it, but that occasionally it "skipped," and experts testifying for the

plaintiff stated that skipping might indicate either a short circuit, the stripping of a gear, or a lost pin, and that it might happen when there was "no kick back and no danger whatever," it was *held* that there was no evidence that the "kicking back" was in any way due to negligence for which the defendant was responsible.

At the trial of an action by an employee against his employer for personal injuries alleged to have been caused by a defect in an automobile truck of the defendant, no inference unfavorable to the defendant can be drawn from the fact that he failed to call as witnesses the employees of a garage where the truck was kept, such employees being equally available to the plaintiff.

TORT for personal injuries received on November 13, 1912, when the plaintiff was operating an automobile truck in the scope of his employment by the defendant. Writ dated January 11, 1913.

In the Superior Court the case was tried before *Hall*, J. The material evidence is described in the opinion. At the close of the evidence, the defendant asked that a verdict be ordered in its favor, but, subject to the defendant's exception, the judge submitted the case to the jury, who found for the plaintiff in the sum of $200. At the request of the defendant, the judge reported the case for determination by this court, judgment to be entered upon the verdict if the case properly was submitted to the jury; otherwise, judgment to be entered for the defendant.

The case was submitted on briefs.

*H. T. Lummus*, for the defendant.

*W. E. Sisk & R. L. Sisk*, for the plaintiff.

CARROLL, J. The plaintiff, while cranking a two-cylinder Buick motor truck belonging to the defendant, was injured by the engine "kicking back." At the time of the accident he was employed by the defendant, who was not a subscriber under the workmen's compensation act. The sole question is whether there is any evidence of the defendant's negligence.

The plaintiff advanced the gas lever approximately one third of the quarter circle through which it turned, and moved forward about the same distance, the spark lever. He then attempted to crank the engine; it kicked back, and the crank handle struck him, causing the injury. Immediately, without changing the levers, he again turned the crank, and the engine started.

The evidence shows that a "kicking back" is the result of an explosion coming before the piston has reached the head of the cylinder. If the spark lever is advanced on the dial, it changes

the position of the contact points, so that the cam drives them apart before the piston has gone over the centre. On the other hand, when the spark lever is retarded, the spark comes after the piston has passed the centre. Before cranking a car it is important to have the spark lever in a retarded position. With a new car, this lever should be pushed back as far as it can go. If the car is worn so there is lost motion, the spark should be advanced in order to correspond with this loss.

The truck was new when purchased by the defendant in July, 1912. The plaintiff was injured in November of the same year. There was no evidence indicating any lost motion which required the advance of the spark lever, or, if there were such a condition, that it would be due to the defendant's negligence.

While one of the wheels was broken and the wind shield damaged, in the summer of 1912, no part of the engine or steering apparatus was injured.

The only evidence tending to show a defect or want of repair came from the plaintiff, who said he had noticed many times before he was hurt that the engine would "skip." Assuming this to be so, it does not show that the "skipping" was in any way connected with the backward motion of the engine. The plaintiff's experts testified that the "skipping" of an engine might indicate a short circuit, the stripping of a gear, or a lost pin; and it might happen when there was "no kick back and no danger whatever." It did not directly appear what caused the "skipping," nor that any conditions existed which were likely to cause it.

It further appeared that the more force used in cranking, the greater the momentum given to the fly-wheel, thus causing the piston to go over the centre.

Considering the entire evidence, we do not discover anything indicating a defect or want of repair which caused the crank handle to hit the plaintiff. If the engine was in proper condition, advancing the spark lever would cause the backward motion; and if the machine was worn by use, a proper adjustment of the levers would compensate for the loss of motion. Under these circumstances we do not see how it, successfully, can be contended that the defendant was negligent.

No inference unfavorable to the defendant could be drawn because it failed to call the employees at the garage where the

truck was kept. These witnesses were equally available to the plaintiff. *Fletcher* v. *Willis,* 180 Mass. 243. Wigmore on Evidence, § 288.

According to the terms of the report, judgment is to be entered for the defendant.

*So ordered.*