JAMES RANDAZZO *vs.* MARGUERITE L. WHEATON.

Norfolk. March 8, 1932. — March 28, 1932.

Present: RUGG, C.J., CROSBY, SANDERSON, & FIELD, JJ.

*Negligence,* Motor vehicle, Res ipsa loquitur. *Evidence,* Presumptions and burden of proof.

At the trial of an action for personal injuries against a woman, the operator of an automobile owned by her husband, there was evidence that, as the defendant drove the automobile up to the curb of a street and stopped it there, steam was observed coming from the front of it; that immediately thereafter the radiator cap blew off and hot water from the radiator injured the plaintiff, who was standing on the sidewalk at that place; that the gauge on the radiator was new and did not show that there was trouble with the water in the radiator; and that the defendant said that she thought the cause of the trouble was the "old fan belt." There was no evidence that the defendant knew or should have known that the gauge was defective, nor that the fan belt was not working properly at the time of the accident. *Held,* that
    (1) It was not evidence of negligence for the defendant to continue to operate the automobile after steam could be seen coming from the front of it as she drew up to the sidewalk;
    (2) A finding was not warranted that the defendant was negligent in failing to anticipate and guard against the occurrence of the accident;

(3) The doctrine *res ipsa loquitur* was inapplicable because the defendant was not shown to have had such exclusive control of the automobile that she could be found to be negligent merely because of the happening of the accident, if for no other reason.

(4) The plaintiff could not recover.

TORT. Writ dated March 30, 1929.

The action was tried in the Superior Court before *Brown,* J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged an exception.

*G. I. Cohen,* for the plaintiff.

*G. F. Garrity & D. P. O'Leary,* for the defendant, submitted a brief.

SANDERSON, J. The defendant drove an automobile to the curbing of a street, near the place where the plaintiff was standing on the sidewalk, when hot water from the radiator of the automobile caused the injury for which this action is brought. The declaration is in a single count alleging the defendant's negligence.

The defendant's version of the occurrence was that when she drove to the sidewalk with no one else in the automobile the plaintiff was standing near the place where he worked and he and his employer looked at the bottom of the automobile; that she knew something must be the matter with the water; that the plaintiff went into the barber shop and brought out a pitcher of water, removed the cap of the radiator and as he removed it and had it in his hand the boiling water blew in his face. She testified that they found out afterwards that engine trouble caused the overheated water; that it was her husband's automobile; that she did not discover the trouble before she drove into Quincy and had no knowledge of it; that the gauge was a new one and did not show that there was trouble with the water; that she thought the cap was the kind that had to be unscrewed; that she never found out what the cause of the hot water was; that she stopped on an unrestricted street, with no regulations as to parking; that she lived near Quincy and always parked at the place where she stopped on the day of the accident.

The plaintiff testified that he was a barber at his place of business on the day in question; that he was standing in front of his shop door when the automobile driven by the defendant arrived, and the first thing he knew was that the hot water came from the automobile into his face and on to his head and arms; that this happened just as the automobile pulled in; that he did not know whether it had stopped or not; that he was doing nothing to the automobile at the time and did not get any water for the radiator.

A witness who was employed in the barber shop testified that the defendant rushed into the shop after the accident and said that the radiator cap had exploded and the man got burnt; that she said she thought it was the "old fan belt on the car"; that at the hospital the defendant said that she would "go good" for the plaintiff.

A witness under whom the plaintiff worked testified that he observed the automobile as it drew in when eight or nine feet away and steam was coming from it; that neither he nor the plaintiff did anything with reference to getting water for the radiator and that the explosion took place in less than a second after the automobile came to the curbing.

The trial judge allowed the defendant's motion for a verdict in her favor. The only exception is to the allowance of this motion.

The testimony that the automobile belonged to the defendant's husband was uncontradicted. It was not evidence of negligence for the defendant to continue to operate the automobile for eight or nine feet after steam could be seen coming from the front of it as she drew up to the sidewalk. The defendant could not be found to be negligent in failing to anticipate that the radiator cap would blow off or be removed by the plaintiff, and steam be thereby released to the injury of the plaintiff, or in failing to take measures to guard against such a result. There was no evidence tending to prove that the defendant knew or should have known that the gauge was defective. In these matters there was nothing to indicate to the defendant as a reasonably prudent person that her conduct would probably cause harm to some person. If it be assumed that the failure of the gauge to show trouble

with the water is evidence that the gauge was defective, and that a defect in the gauge could be discovered by inspection, it did not appear that the defendant had any such interest in the automobile that a duty to have it inspected rested upon her, nor does it appear that a defective gauge was the proximate cause of the accident. *Card* v. *Turner Centre Dairying Association,* 224 Mass. 525.

The defendant's statement, as narrated by one witness, that she thought the cause of the trouble was the old fan belt, did not go far enough to prove that this did cause the trouble. No one testified that the fan belt was not working properly at the time of the accident or that it was defective. The defendant's knowledge that the fan belt on her husband's automobile was old would not justify a finding of negligence on her part in not anticipating and guarding against such an accident as happened. *Card* v. *Turner Centre Dairying Association,* 224 Mass. 525. The case is distinguishable in its facts from *Loftus* v. *Fall River Laundry Co.* 217 Mass. 240, and *Souden* v. *Fore River Ship Building Co.* 223 Mass. 509.

The plaintiff cannot maintain his contention that the doctrine of *res ipsa loquitur* applies to the facts in this case. Without considering other objections to the application of that doctrine, it is inapplicable because the plaintiff has failed to show that the defendant had such exclusive control of the automobile that she could be found to be negligent merely because of the happening of the accident. The mere fact that she had such temporary control of the automobile as any person may have who operates the motor vehicle of another is not the exclusive control which must exist as a prerequisite to the application of the doctrine of *res ipsa loquitur.* *Trim* v. *Fore River Ship Building Co.* 211 Mass. 593, 594. *Ellis* v. *Ellison,* 275 Mass. 272, 276.

*Exceptions overruled.*