Henchey, J.
In this action of tort the plaintiff seeks to recover for damages to his automobile as a result of an al *401 leged collision between his automobile and a truck owned by the defendant. The plaintiff alleges that his automobile was parked off the public highway and was damaged by a motor vehicle owned by the defendant and driven by his agent or servant. In his answer the defendant alleged a general denial, contributory negligence, and that a hit and run driver was responsible for the damage to the plaintiff’s automobile.
There was evidence that the plaintiff parked his car on the Saturday night before Labor Day, at Salisbury Beach off the travelled road, and went to his cottage. At about 1.00' A. M. on the following Sunday, he heard a loud noise but did not go out to- investigate. Later that Sunday morning he went out to his car and found the left rear side of the defendant’s truck up- against the right rear side of his car. The plaintiff then asked the defendant to- move his truck and the defendant refused because he was fearful of hitting the plaintiff’s automobile. The following Tuesday morning the defendant’s son, in attempting to move the defendant’s truck, slightly damaged the plaintiff’s automobile when the truck skidded in the sand. The defendant’s son testified that he- parked the truck at about 8.00 P. M. on Saturday night and that it was about two feet from the plaintiff’s automobile and parallel to it. He also testified that he firmly set the hand brake and left the car in gear, and that he gave the keys of the truck to his father and then went off. The defendant testified that he cannot operate a motor vehicle, that he had the keys of the truck, of which there was but one set, from 8.00 P. M. Saturday night until the following Tuesday morning, and that he went to bed Saturday night at 9.00 P. M. with the keys in his possession. He testified that on Sunday morning when the plaintiff requested him to move the truck he noticed a dragging mark *402 in the sand as if his car had been pushed sideways or struck, and that he found a slat freshly broken off the right rear side of his truck and that there was glass around the truck from the tail light which had been broken. Witnesses for the plaintiff testified that they saw no wood or glass. The plaintiff testified that he saw a rut in the sand about three inches deep, and that he jacked up his car to enable the defendant’s truck to be backed away, but that the defendant’s truck SO' rested on the plaintiff’s automobile that it was difficult for the defendant to move.
At the proper time the defendant filed fifteen-requests for rulings, all but six of which were granted. The trial judge made a detailed finding of facts in which he said there was no evidence from which the Court could find or infer that there had been any other motor vehicle involved in the accident. He further found that the damage was caused by the negligence of the defendant’s agent in operating the truck in such a careless and reckless manner that it came in contact with the plaintiff’s parked automobile, and that further damage was caused to the- plaintiff’s automobile when an attempt was made to move the truck. The Court found for the plaintiff and assessed damages at $85.00'. The defendant claimed to have been aggrieved by the Court’s rulings and refusals to rule and the case was reported here.
We are of the opinion that there was prejudicial error in the denial of some of the defendant’s requests. Of course, those requests which amounted to requests for findings of fact were rightly denied. Cameron vs. Buckley, Mass. Adv. Sh. (1938) 311, 313.
By request number 12 the defendant asked the Court to rule that “the mere fact that the defendant’s motor vehicle was in contact with the plaintiff’s motor vehicle does not make the defendant liable for the plaintiff’s damage.” The Court denied this request, stating “the fact that the de» *403 fendant’s truck was in contact with the plaintiff’s car certainly calls for some direct evidence on the part of the defendant as to how it got there.” This is wholly at variance with the established principles of our law.
Where a plaintiff seeks to recover compensation for damages which he alleges were caused through the negligence of the defendant or of one for whose conduct the defendant was legally responsible-, then the plaintiff has the burden of proving, by a fair preponderance- of the evidence, that the defendant, or such other person, was negligent. This is fundamental. Carter vs. Boston & Albany Railroad Co., 177 Mass. 228; Hofnauer vs. R. H. White Co., 186 Mass. 47; Droney vs. Doherty, 186 Mass. 205; Fitzmaurice vs. Boston, Revere Beach & Lynn Railroad Co., 256 Mass. 217, 220. The “burden of proof” and what we might term the “burden of going forward with the evidence” are two different things. The former always remains on the- party affirming a fact in support of his case; the latter shifts during the progress of the trial according to the nature of the proofs offered in support or denial of the main fact to be established. The plaintiff may establish a prima facie case of negligence by proof of a violation of a statute, the burden of going forward with explanatory evidence may be upon the defendant, yet the burden of proof of negligence is always upon the plaintiff. Central Bridge Corporation vs. Butler, 2 Gray, 130. In the instant case the plaintiff does not make out a prima facie case of negligence by merely showing that the defendant’s truck was in contact with the plaintiff’s automobile. The mere occurrence of an accident is not in most eases sufficient in and of itself to establish negligence. Stangy vs. Boston Elevated Railway Co., 220 Mass. 414; Reardon et als. vs. Boston Elevated Railway Co., 247 Mass. 124. Of course there are cases where “the thing speaks *404 for itself (res ipsa loquitur), that is, from the common experience of mankind it is dear that the acddent would never have happened had the defendant been in the exercise of due care. Trim, Admx. vs. Fore River Ship Building Co., 211 Mass. 593, 594; St. Louis vs. Bay State Railway Co., 216 Mass. 255, 257; Byrne vs. The Great Atlantic & Pacific Tea Co., 269 Mass. 131; Glasser vs. Schroeder, 269 Mass. 337. We cannot say, in the instant case, that the doctrine of “res ipsa loquitur” is applicable. Any one of a number of causes may be responsible for the presence of the defendant’s truck in the position in which it was found. If this is so then the plaintiff has failed to rule out the operation of causes for which the defendant is legally responsible and, therefore, has failed to establish even a prima facie case. Trim, Admx. vs. Fore River Ship Building Co., 211 Mass. 593, 594; Hanna vs. Shaw, 244 Mass. 57. It is evident then that there was no duty upon the defendant to explain how the accident happened. Carroll vs. Boston Elevated Railway Co., 200 Mass. 527, 536; McFarlane vs. McCourt, Mass. Adv. Sh., (1936) 1359, 1361. Nor was the Court compelled to find as a fact that the defendant was negligent merely because the plaintiff offers evidence of negligence. Castano vs. Leone, 278 Mass. 429.
To summarize, the damag’e to the plaintiff’s car was caused either at the time it was parked, while it remained parked, or on Tuesday morning when the defendant backed his car away. If the damage occurred at the time the defendant was parking his car or while the defendant’s car remained parked, the cause of the damage was left wholly to conjecture. If the damage was caused when the defendant backed away his car, we are of the opinion that there was not sufficient evidence upon which to warrant a finding of negligence. The plaintiff requested the defendant to. move Ms automobile, the defendant was reluctant to. do so. *405 Realizing the dangers involved, the mere fact of skidding while backing the car away is not sufficient evidence of lack of due care on the part of the defendant.
Further, we are compelled to conclude that there was error in the denial of the defendant’s 15th request which was to the effect that “there is not a sufficiency of evidence to warrant the plaintiff’s recovery from this defendant.” As a general rule the question of the defendant’s negligence is one of fact, but where the evidence merely raises a suspicion or a surmise or a conjecture, it is not enough, as matter of law to entitle the plaintiff to prevail. Hillyer vs. Dickinson, 154 Mass. 502, 504; Fay vs. Alliance Insurance Co., 16 Gray, 455, 461; Wadsworth vs. Boston Elevated Railway Co., 182 Mass. 572. There is no evidence that the defendant did not have the right to park where he did, no evidence of what actually caused the defendant’s car to slide in the sand; the entire picture is conjectural. The plaintiff fails to sustain the burden imposed upon him. Carter vs. Boston & Albany Railroad Co., 177 Mass. 228; Deagle vs. New York, New Haven and Hartford Railroad Co., 217 Mass. 23; Stangy vs. Boston Elevated Railway Co., 220 Mass. 414.
The report states that it contains all the evidence material to the questions reported, and since that evidence, in the light most favorable to the plaintiff is wholly conjectural, we may order judgment for the defendant.
In our opinion the finding for the plaintiff should be vacated and judgment entered for the defendant.