HENRY F. LANGLEY vs. AUSTIN A. WHEELOCK & others.

Middlesex.    March 20, 1902. — May 22, 1902.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Negligence,* Employer's liability, assumption of risk.

A porter employed in a storeroom where steel bars are stored by leaning them
against the walls between racks formed by a wooden pin on each side, takes the
risk of an injury caused by one of the bars falling after it has been in the same
place for a month.

In an action by a porter employed in a storeroom where steel bars were stored by
leaning them against the walls between racks formed by a wooden pin on each
side, for an injury caused by one of the bars falling after it had been in the
same place for a month, it appeared, that this bar and another both four inches
in diameter were placed by direction of a superintendent between two pins
where there was not room for both of them to rest against the wall and one
stood against the other in such a way that more than half of the outer one
projected beyond the ends of the pins.  *Semble,* that this might not be evidence
of negligence.

TORT by a porter and shipper employed in the storeroom of
the defendants for injuries caused by the fall of a steel bar
through the alleged negligence of one Stimpson a superintendent
of the defendants.    Writ dated August 4, 1900.

In the Superior Court *Sherman,* J. ordered a verdict for the
defendants; and the plaintiff alleged exceptions.

*G. P. Beckford,* for the plaintiff.

*J. P. Tucker,* (*D. L. Smith* with him,) for the defendants.

MORTON, J.    This is an action of tort for personal injuries
received by the plaintiff while in the employ of the defendants
in their store in Boston.    At the conclusion of the plaintiff's
evidence, the judge directed a verdict for the defendants, and the
case is here on the plaintiff's exception to that ruling.

The defendants are in the steel and iron business, and keep
in their store large quantities of steel, the greater part of which
is in bars of different lengths varying in diameter from an eighth
of an inch to eight inches.    Around the store are racks in which
the steel is kept.    The racks are about four feet from the floor,
and are made by putting pins through planks which run round
the sides of the store.    Some of the pins are made of wood and

some of iron.    The bars stand on the floor leaning against the walls in these racks.    The plaintiff was injured by the falling of a bar of steel, about nine and a half feet long and four inches in diameter and weighing about four hundred and twenty pounds, which stood in one of these racks with another bar of similar size and weight leaning against the wall.    The pins to this rack were of oak and about an inch in diameter, and were five and three sixteenths inches apart.    They were four feet five inches from the floor, and from the wall to the outer ends of them, it was thirteen and three sixteenths and fourteen and five sixteenths inches respectively.    The inner bar leaned against the wall and from the wall to its outside base was fifteen and one quarter inches.    The top of the outer bar rested against the inner one and from the wall to the outside of its base was twenty-two and a quarter inches.    These bars had stood in the same place and position for about a month.    Before that they had lain on the floor.    There was evidence which perhaps would justify a finding that they were placed in the rack by the direction of a Mr. Stimpson, the manager of the defendant's store.    The plaintiff had worked in the store as porter and shipper for about two years before the accident, and was entirely familiar with the stock and with the way in which it was handled and kept.    He testified that this rack had not been used for four inch bars before these were placed there.    On further examination he said that bars of the same diameter had been placed there before but that they were shorter.    He also testified that "there was not room between the two pins in question for more than one of the large four inch bars, not to be safe, and when there were two bars put in this rack one half of the outer bar would be beyond the ends of the pegs."    It appeared that he had occasionally marked tags at a desk that stood within a few feet of these bars, and that he might have glanced at them but had noticed nothing especial about them.

It is plain that the way in which the defendants kept their stock was by standing up the bars against the walls around the store in the racks which have been described.    The plaintiff understood this and does not contend that it was negligence on the part of the defendants to conduct their business in that way.    If it was, he clearly assumed the risk of it.    What he contends,

however, is, in effect, that considering the size of the rack and of the bars, it was negligent to stand them up in it as was done. But here again standing these bars up against the wall in this rack was so much a part of the ordinary business of the store and was so much to be expected, that it seems to us that the plaintiff must be held to have assumed the risk of it. Furthermore, there is nothing to show what caused the bar to fall. It had stood there securely for a month. There is no evidence that when it was placed there originally due care was not used in standing it up against the other bar so that it should not fall. And taking into account the nature of the business and the way in which it was done, we doubt whether it could be fairly said that the defendants or their manager were negligent as against the plaintiff merely because they stood one bar up against another in such a manner that half or more than half of the outer one was beyond the ends of the pins that constituted the rack that held them. See *Carter* v. *Boston & Albany Railroad*, 177 Mass. 228.

The result is that we think that the exceptions should be overruled.

*So ordered.*