MARY E. HOFNAUER *vs.* R. H. WHITE COMPANY.

Suffolk.    March 1, 1904. — May 20, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Negligence,* Employer's liability, *Res ipsa loquitur.*

In an action for personal injuries by a saleswoman employed in the department
store of the defendant, it appeared, that it was part of the plaintiff's duty to sell
medicine chests, that these chests were kept on a shelf two feet and a half wide,
sixty feet long and six and one half feet from the floor, supported by posts
twelve feet apart and extending about three feet beyond the last post, that there
was a perceptible slant of two or three inches at the end of the shelf, that while
the plaintiff in the performance of her duties was standing near this end, one of
the chests fell and striking her caused the injuries, and that about three months
before a similar chest had fallen from the same part of the shelf.   It further ap-
peared that during the employment of the plaintiff and when the first chest fell
a person was present whose duty it was to tell the saleswoman what to do "if
there was anything out of order around the place," and to give directions from
time to time, but who was not intrusted with the duty of constructing or repair-
ing the shelves.   *Held,* that there was no evidence of the defendant's negligence
in maintaining the shelf; *also,* that the condition of the shelf was obvious and
if it involved a danger the risk was assumed by the plaintiff; *also,* that there
was no evidence of any negligence on the part of the person in charge.
The fact that in a department store a medicine chest falls from a shelf two and a
half feet wide with a slant of two or three inches at the end from which it falls,
other chests on the same shelf remaining in place and it having been the practice
when the chests were taken off to show to customers to put them back if not
sold, is not sufficient in itself to constitute evidence of negligence.   To make it
such evidence the plaintiff must show that causes other than the inclination of
the shelf which might have produced the accident did not operate.

TORT against the R. H. White Company, a corporation main-
taining a department store in Boston, for personal injuries, with
counts at common law and under the employers' liability act as
stated in the opinion.    Writ in the Municipal Court of the City
of Boston dated November 21, 1901.

On appeal to the Superior Court the case was tried before
*Pierce,* J., who ordered a verdict for the defendant.    The plain-
tiff alleged exceptions.

*J. E. Young,* for the plaintiff.

*J. Lowell & J. A. Lowell,* for the defendant, were not called
upon.

Braley, J.   This is an action of tort to recover damages for personal injuries suffered by the plaintiff while employed as a saleswoman of the defendant, for which she had been working at the time of the accident during a period of more than two years. It appears to have been a part of her duty to show those who might become purchasers certain medicine chests, that were placed on a shelf which was of a width of two and one half feet, and of the total length of sixty feet, while its height from the floor was six and one half feet.   When in position on the side of the room it was supported by posts about twelve feet apart, but one of its ends extended for about three feet beyond the last post.   As the plaintiff was standing near this end in the performance of her usual duties one of these chests fell, struck her person, and caused the injuries of which she complains.   The uncontradicted evidence shows that about three months before the time when the plaintiff was hurt, a similar chest had fallen from the same part of the shelf, and there was a perceptible "slant" of two or three inches in that end of it, which continued to the day of the accident, and could have been clearly seen by the plaintiff.

It further appeared in evidence that during the time of the plaintiff's service, and when the first chest fell, a person by the name of Muir was present, and that his duty was to "sign slips and tell us what to do if there was anything out of order around the place", and he also gave direction from time to time to the persons employed in the department.   He was succeeded by one Bott, who was charged with like duties, but it does not appear that either was intrusted with any care or control of the premises, or required to see that the appliances which may have been furnished by the company were kept in good order and condition and reasonably suitable for use.

The declaration contained three counts, one at common law for an improperly constructed shelf that was in a dangerous and defective condition, one under the employers' liability act for a "defect in the condition of the ways and works connected with and used in the business of the defendant", and which in each instance had not been remedied owing to its negligence, and one declaring on the negligence of some person in the service of the defendant, who was intrusted with and exercising

superintendence, and it was ruled at the trial in the Superior Court that the plaintiff could not recover, and a verdict having been ordered, and returned, in favor of the defendant, the plaintiff brings her case here on exceptions.

If it be conceded that the plaintiff was in the exercise of due care, it is still incumbent upon her to show some act of negligence on the part of the defendant, and to do this she first relies on the fact that a chest fell from the shelf three months before the time of the accident. But if we give to this incident every possible probative force it does not tend to prove the fact in issue, for the circumstances surrounding its fall are not disclosed, and there is no evidence that it was caused solely by the inclination of the shelf, for its fall may have been attributable to the carelessness of an employee in not replacing it securely after it had been taken down and shown to customers.

The plaintiff, however, relies on the additional fact that on the day of the accident the chest itself fell as supplying sufficient proof to require a submission of the case to the jury, under the familiar principle that where an accident is of such an unusual character it can be said it would not have happened except from the fault of the defendant, and for this reason it may fairly be inferred it would not have occurred here but for its negligence if not otherwise explained.

The mere inclination of the shelf does not seem to have affected the stability of the other chests which apparently remained in place after being once put in position, and it cannot be said under the circumstances disclosed where chests were being taken off, and put back, in the ordinary course of business, that because one of them happened to fall the doctrine invoked becomes applicable, and such an occurrence was of so uncommon a character that of itself it furnished evidence of negligence on the part of the defendant. *Pinney* v. *Hall*, 156 Mass. 225.

If there were other causes besides the fact of the fall of the chest itself, that may have produced such a result, the plaintiff is obliged to go further and eliminate them by showing they did not operate, but instead of doing this she is content to rest her case upon the bald statement of fact that the chest fell and nothing more.

But the incline of the shelf is shown to have been only from two to three inches at the end, and less than three feet from the post by which at that point it was supported, and it cannot be said in a shelf of this length and width this was so unusual as to lead to the inference of negligence, or that this condition alone caused the chest to fall, for here again it may have been placed so insecurely by the acts of a fellow servant that from some cause not disclosed it fell.

It is not necessary, however, to rest the decision of the case on these two counts solely on this ground, for there is another answer to the plaintiff's contention as it may be inferred that at the time she entered the service of the defendant the shelf was a part of its establishment where she was to work, and on the evidence it is not disputed that the condition of the shelf was open and obvious and continued to be so down to the time when she was injured.

Under such conditions, as there was no concealed danger, she must be held to have assumed any risk of the nature disclosed, and this alone is sufficient to prevent her recovery. *O'Maley* v. *South Boston Gas Light Co.* 158 Mass. 135. *Lamson* v. *American Axe & Tool Co.* 177 Mass. 144. *Langley* v. *Wheelock*, 181 Mass. 474.

An extended discussion of the remaining count is not required as the person alleged to have been acting as superintendent at the time of the accident is not shown to have been intrusted with the duty either of the construction or repair of the shelf, and there is no claim that he set the plaintiff at work in a place where the chest would be likely to fall upon her. *Fitzgerald* v. *Boston & Albany Railroad*, 156 Mass. 293, 295.

Besides, there was no duty resting upon him to inform her of a danger with which she must be held to have been previously acquainted. *Perry* v. *Old Colony Railroad*, 164 Mass. 296, 300.

*Exceptions overruled.*