JOSEPH MORRIS *vs.* EASTERN STEAMSHIP CORPORATION.

Suffolk.    March 2, 1915. — May 22, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Negligence,* Employer's liability.

In an action by a longshoreman against a steamship company by which he was employed for personal injuries from a box, which was alleged to have been piled on other boxes negligently by servants of the defendant, falling on the plain-

tiff when he was wheeling a truck in unloading a vessel at the defendant's wharf, where the accident happened after the workmen's compensation act had taken effect and the defendant was not a subscriber under the provisions of that statute, but there was nothing to show what caused the box to fall on the plaintiff, it was *held,* that there was no evidence that the fall of the box was caused by the negligence of the defendant or of its servants and that a verdict properly was ordered for the defendant.

TORT for personal injuries sustained on July 28, 1913, when the plaintiff was employed by the defendant as a longshoreman and was wheeling a truck in unloading a steamer at the defendant's wharf extending from Atlantic Avenue in Boston, by reason of a box falling on the plaintiff, its fall being alleged to have been due to negligence of the defendant and its agents and servants in handling and piling boxes. Writ dated December 6, 1913.

The case was tried before *Brown,* J. It appeared that the defendant was not insured under the provisions of the workmen's compensation act. In regard to the happening of the accident the plaintiff testified: "Before I get hurt I go with my truck and going to take a load to the boat and then I went on the stage . . . and two fellows piling boxes on the dock and I started to go down the boat on the stage and the plank go down to the water and two fellows piling the boxes and the box turn over and striked me in the head and face and back." Being asked, "Do you know how high that pile of boxes was?" He answered, "Well, I cannot tell how high but a guess, — it is a big box, it is higher than my head. I cannot tell, but such like that I guess. I cannot tell you how high. . . . Big boxes. . . . It is more big, about three feet high and four or five feet long. I don't measure them. . . . Yes, I see the men piling them, but I don't know their name." There was nothing to show what caused the box to fall on the plaintiff. At the close of the plaintiff's testimony the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*P. J. Donaghue,* (*F. W. McGowan* with him,) for the plaintiff.

*C. C. Barton, Jr.,* for the defendant.

BRALEY, J. The verdict for the defendant was ordered rightly, even if the defences of contributory negligence, assumption of risk, and that the injury was caused by the negligence of a fellow employee were not available under St. 1911, c. 751, Part I, § 1, because the company was not a subscriber.

The plaintiff failed to introduce any affirmative evidence from

which the jury would have been warranted in finding that the fall of the box resulted from either the defendant's negligence, or the negligence of its servants. *Hofnauer* v. *R. H. White Co.* 186 Mass. 47. *Droney* v. *Doherty,* 186 Mass. 205, 206. *Curtin* v. *Boston Elevated Railway,* 194 Mass. 260. *Ryan* v. *Fall River Iron Works Co.* 200 Mass. 188.

*Exceptions overruled.*