JOHN W. CAVANAUGH, administrator, *vs.* EDWARD F. SMITH & others.

Suffolk.    January 16, 1917. — March 1, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Negligence,* Invited person, In maintaining real estate, Heavy grating leaning against wall, Causing death.

In an action by an administrator against an owner of a group of houses on a city street, who maintained a passageway leading from the street to a yard or area that was back of a number of the houses belonging to him, for causing the death of the plaintiff's intestate, a boy eight years of age, it could be found that the intestate was invited by another boy, who was the son of one of the defendant's tenants, to play in the back yard, and that, while they were passing through the passageway on their way to the yard, a heavy grating composed of iron and thick glass weighing about four or five hundred pounds, which had been leaning securely for nearly three months against the wall of a building abutting on the passageway without obstructing the use of the way, for no apparent reason fell on the intestate and caused his death. *Held,* that, assuming that the plaintiff's intestate as a guest of the tenant's son was using the way in the right of the tenant, there was no evidence that the fall of the grating was the result of any negligence on the part of the defendant, and that it was right to order a verdict for the defendant.

TORT, by the administrator of the estate of William Roy Cavanaugh, who when he died was a boy eight years of age, for causing his conscious suffering and his death on September 16, 1914, from an injury received on June 24, 1914, by the falling upon him of a heavy iron grating that was leaning against the wall of a passageway belonging to and maintained by the defendants, leading from West Concord Street in Boston to an area or yard that was back of a number of houses belonging to the defendants and occupied by their tenants.    Writ dated December 10, 1914.

In the Superior Court the case was tried before *Chase,* J., who at the close of the evidence, the substance of which is described in the opinion, ordered a verdict for the defendants and by agreement of the parties reported the case for determination by this court.    If the case should have been submitted to the jury, judgment was to be entered for the plaintiff in the sum of $2,500, ex-

clusive of costs. If the ordering of the verdict by the judge was right, final judgment was to be entered for the defendants.

*P. H. Kelley,* for the plaintiff.

*C. S. Knowles,* for the defendants.

BRALEY, J. The passageway was provided for the use of the defendants' tenants as a means of access on foot and by carriage to their respective tenements, and the plaintiff's intestate, as the jury could find, was injured while passing over the way as the companion of a juvenile son of a tenant who "had invited him in there to play." If, without deciding, it is assumed that the intestate as a visitor of the son was using the way in the tenant's right, *Coupe* v. *Platt,* 172 Mass. 458, 459, we are of opinion that the evidence fails to show that the fall of the grating resulted from the defendants' negligence.

The grating was composed of iron and thick glass weighing four or five hundred pounds so placed as to lean securely against the wall of the abutting building, without obstructing the use of the way, where it had remained for nearly three months before the accident. The measure of care required, before the neglect of the alleged wrongdoer to take proper precautions rises to the degree of negligence in the discharge of a duty which he owes to other persons, depends upon the circumstances of each case. *Nelson* v. *Old Colony Street Railway,* 208 Mass. 159, 162, and cases cited. Doubtless the jury could find, from the account of the accident given by the decedent to his father, that, while on his way to play in the yard beyond, the grating fell upon him and that he was ignorant of the cause, yet there is no evidence warranting a finding that the defendants were aware that any change from its original position had occurred or had any reason to anticipate that the children of tenants or their juvenile visitors or whoever used the way would interfere with the stability of the grating which, because of its weight and security of position, could not be toppled over or so tilted as to fall of its own weight upon a passing pedestrian without the exertion of much physical effort and force. We are unable on this ground to distinguish in principle the present case from *Carter* v. *Boston & Albany Railroad,* 177 Mass. 228, where the plaintiff, who was not an employee but who was assumed to have been rightfully on the premises, took hold of the chain of a locked door of a freight house, and while rattling it to see if he could get in,

received personal injuries as he turned away caused by a piece of iron weighing about seven hundred pounds, which for some time had stood on the platform nearly upright against the side of the house, falling upon him, was held not entitled to recover; or from *Langley* v. *Wheelock*, 181 Mass. 474, and *Hofnauer* v. *R. H. White Co.* 186 Mass. 47, 49.

The entry must be judgment for the defendants on the verdict.

*So ordered.*