WILLIAM NICHOLS *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    October 15, 1918. — November 26, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence,* Street railway. *Carrier,* Of passengers.

Where the conductor of a street railway car with the seats running lengthwise is
passing through the car taking fares and, when he is in the act of pulling the
overhead strap to ring in a fare or to give the signal to start the car, a passenger
who is behind the conductor begins to rise from his seat in order to make ready
to get out at the next stopping place, and the conductor's elbow as his arm
descends in pulling the strap comes in contact with the rising passenger and
knocks off his eyeglasses, which break and injure one of his eyes, this is a pure
accident, and these facts are no evidence of negligence toward the passenger
on the part of the conductor.

It is not reasonably practicable to require the conductor of a street railway car
before performing his ordinary duties to look on all sides to ascertain whether
some change of position by a passenger, not ordinarily to be expected, may
result in the collision of some part of the conductor's body with such passenger.

TORT for personal injuries sustained by the plaintiff on October
26, 1915, when he was a passenger on a street railway car of the
defendant, by reason of the alleged negligence of the conductor of
the car in striking the plaintiff in the face with his arm.   Writ
dated July 5, 1916.

In the Superior Court the case was tried before *Jenney,* J.
The evidence is described in the opinion.   At the close of the
evidence the defendant filed a motion asking the judge to order
a verdict for the defendant.   The judge denied the motion and
submitted the case to the jury, who were unable to agree upon a
verdict.   Thereupon the judge ordered a verdict for the defendant;
and the plaintiff alleged exceptions.

*P. Nichols,* for the plaintiff.

*E. P. Saltonstall,* for the defendant.

RUGG, C. J.   The plaintiff seeks to recover damages for personal
injuries sustained by him while a passenger in one of the defend-
ant's short cars of the older type with the seats running lengthwise.
The plaintiff was sitting on the left side at about the middle of the
car.   While it was stationary at the stop before that at which the
plaintiff desired to alight, he started to rise from his seat so as

to be near the door at the next stop. The substance of the plaintiff's testimony was that he started to get up out of his seat and was almost in a standing position, or a little more than half way, when the conductor who was standing directly in front of the plaintiff, facing the rear of the car and looking away from the plaintiff with his hand on the bell rope, pulled the strap for the car to go ahead, and his elbow struck the plaintiff's glasses and broke them and cut his eye. The conductor testified that he did not see the plaintiff at all and had no idea that he was going to get up, that his back was toward the plaintiff, he was coming through the car collecting fares, and was in the act of pulling in a transfer and his arm came down and he felt it strike something and as he turned round he saw the plaintiff and that he was injured. There was other testimony to the effect that the plaintiff started to arise and the conductor to pull in the transfer at about the same time.

There is no evidence of negligence on the part of the conductor. It is manifest from the testimony in its aspect most favorable to the plaintiff that the conductor was doing his duty in the ordinary way, and that there was no reason for him to anticipate that the plaintiff was about to move from his seat. The plaintiff was not in the line of the conductor's vision. The only way a conductor possibly can avoid an accident like this would be by looking in every direction before making any motion which might bring him in contact with any moving passenger. Even that precaution might not avail, for while the conductor might be making the final observation, a passenger might move from the direction first scanned. In the case at bar, it appears that the movements of the passenger and the conductor which resulted in the injury, began simultaneously. It is not reasonably practicable to require a conductor, before performing his ordinary duties, to look on all sides to ascertain whether some change of position by a passenger, not ordinarily to be expected, may result in collision with him.

So far as the defendant is concerned, the record discloses a pure accident arising from the concurrent operation of two independent forces, not avoidable by the exercise of the rational care required of a common carrier respecting its passengers. See, in this connection, *Brown* v. *Kendall,* 6 Cush. 292.

*Exceptions overruled.*