## FRANCIS AHERN'S CASE.

Suffolk.   November 13, 14, 1923. — February 25, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Jurisdiction*, Admiralty.   *Workmen's Compensation Act*, To whom act applies: not to workman repairing completed vessel in navigable waters to fit her for further navigation.

The Supreme Court of the United States is the final arbiter in defining the boundary between federal and State jurisdiction in maritime law, and principles declared by that court are determinative of a question, whether an employee, who received injuries while engaged in making repairs on a vessel in commission on navigable waters, is debarred from receiving compensation under the Massachusetts workmen's compensation act by reason of the maritime law of the United States.

An employee of a subscriber under the workmen's compensation act, who receives injuries while he is at work in the repair of a completed vessel in commission and afloat in navigable waters, is not entitled to compensation under the provisions of the act, since courts of admiralty have exclusive jurisdiction over such an injury and the parties related thereto except in cases where a common law remedy is sought and allowed; and in a proceeding under the workmen's compensation act the courts of this Commonwealth have no jurisdiction to pass judgment upon the rights of the parties.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision of the Industrial Accident Board finding that, at the time of an injury received by the employee, he was engaged in repairing a vessel in commission in navigable waters, and awarding compensation.

In the Superior Court, a decree was entered by order of *Sanderson*, J., in accordance with the decision of the Industrial Accident Board.   The insurer appealed.

*E. Field*, (*L. Brown* with him,) for the insurer.

*M. J. Mulkern*, for the employee.

RUGG, C.J.   This is a proceeding under the workmen's compensation act.   The employee received injuries in the course of and arising out of his employment by the Bethlehem Shipbuilding Corporation.   He was at that time engaged in making repairs on a vessel in commission on

navigable waters. According to his testimony the employee worked one day on the shore and then was transferred to the vessel; that he was on a girder removing a bolt, and the wrench slipped and he lost his balance and was thrown off the girder to a platform below. Apparently under his contract of employment he worked both on land and on navigable waters.

The single question presented for decision is whether the employee is debarred by reason of the maritime law of the United States, or whether the State courts have jurisdiction under the workmen's compensation act.

In the decision of this question, we must be guided by the principles declared by the Supreme Court of the United States, which is the final arbiter in marking out the boundary between federal and State jurisdiction in maritime law. The workmen's compensation act of this Commonwealth extends to injuries of this class, except and so far as it is excluded by the grant of power to the United States of " all cases of admiralty and maritime jurisdiction." *Gillard's Case*, 244 Mass. 47.

The case at bar appears to us to be indistinguishable from *Great Lakes Dredge & Dock Co.* v. *Kierejewski*, 261 U. S. 479. In that case it was said at page 480: " Leo Kierejewski, a master boiler maker, was employed by it [Great Lakes Dredge & Dock Co.] to perform services as called upon. Acting under this employment, he began to make repairs upon a scow moored in the navigable waters of Buffalo River. He stood upon a scaffold resting upon a float alongside. One of the Company's tugs came near, negligently agitated the water, swamped the float and precipitated him into the stream where he drowned. While performing maritime service to a completed vessel afloat, he came to his death upon navigable waters as the result of a tort there committed. The rules of the maritime law supplemented by the local death statute applied and fixed the rights and liabilities of the parties. *Western Fuel Co.* v. *Garcia*, 257 U. S. 233. ' The general doctrine that in contract matters admiralty jurisdiction depends upon the nature of the transaction and in tort matters upon the

locality, has been so frequently asserted by this court that it must now be treated as settled.' *Grant Smith-Porter Ship Co.* v. *Rohde,* 257 U. S. 469, 476."

In the case at bar the employee was at work in the repair of a completed vessel afloat in navigable waters. His work had direct relation to commerce and navigation in that it was performed in the repair of a completed vessel, in order to fit her for further navigation. *New Bedford Dry Dock Co.* v. *Purdy,* 258 U. S. 96. His injury was received and became operative on navigable waters. Since the courts of admiralty had exclusive jurisdiction over the parties and the injury, except in cases where a common law remedy is sought and allowed, the courts of this Commonwealth have no jurisdiction to pass judgment upon the rights of the parties in this proceeding.

The cases of *Bockhop* v. *Phoenix Transit Co.* 97 N. J. L. 514, and *West* v. *Kozer,* 104 Ore. 94, appear to us to be at variance with the Kierejewski case, and hence we are constrained not to follow them. *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205. *Carlisle Packing Co.* v. *Sandanger,* 259 U. S. 255. *State Industrial Commission of New York* v. *Nordenholt Corp.* 259 U. S. 263. *Duart* v. *Simmons,* 231 Mass. 313; *S. C.* 236 Mass. 225. *Sterling's Case,* 233 Mass. 485. *Proctor* v. *Dillon,* 235 Mass. 538. *Dorman's Case,* 236 Mass. 583.

*Decree reversed. Decree to be
entered in favor of insurer.*