JOHN DOWD'S CASE.

Bristol.    October 22, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act,* Injuries to which act applies. *Jurisdiction,* Admiralty. *Admiralty.*

An injury, received by a coal trimmer in the hold of an ocean going coal carrying vessel which at the time was lying alongside a wharf in navigable waters in the city of New Bedford, is governed by the admiralty law and is not within the provisions of the workmen's compensation act of this Commonwealth.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board dismissing the claim for compensation described in the opinion.

In the Superior Court, by order of *Macleod,* J., a final decree was entered dismissing the claim. The claimant appealed.

*E. J. Harrington,* for the claimant.

*W. I. Badger,* for the insurer.

PIERCE, J.    John Dowd, the employee, on July 14, 1926, was injured while working as a coal trimmer in the hold of an ocean going coal carrying vessel which, at the time, was lying alongside a wharf, in navigable waters, in the city of New Bedford. While assisting in unloading the cargo of coal the employee "got a big lump, and in trying to swing the lump out of the hatchway, his back snapped as hard as could be." He claims compensation for this injury.

A single member of the Industrial Accident Board dis-

missed the claim on the ground, in substance, that "The injury . . . was within the maritime jurisdiction of the United States to the exclusion of the jurisdiction of the Commonwealth of Massachusetts," citing *Southern Pacific Co.* v. *Jensen*, 244 U. S. 205, and *Peters* v. *Veasey*, 251 U. S. 121. The single member's decision was affirmed by the full board, and the Superior Court on January 3, 1928, entered a decree dismissing the claim. The case comes before this court on the appeal of the employee.

The employee sustained injuries while working as a coal trimmer on a sea going vessel which was lying at a wharf in navigable waters during the time of the unloading of its cargo of coal. The question for decision on the facts is whether the case is exclusively within admiralty jurisdiction or comes within the workmen's compensation act. Manifestly the case falls within the decisions of *Southern Pacific Co.* v. *Jensen, supra, Peters* v. *Veasey, supra, Knickerbocker Ice Co.* v. *Stewart*, 253 U. S. 149, *Washington* v. *W. C. Dawson & Co.* 264 U. S. 219, *Ahern's Case*, 247 Mass. 512, and *O'Hara's Case*, 248 Mass. 31; unless it should be ruled, within the decisions of *Grant Smith-Porter Ship Co.* v. *Rohde*, 257 U. S. 469, *State Industrial Commission of New York* v. *Nordenholt Corp.* 259 U. S. 263, and *Toland's Case*, 258 Mass. 470, that the matter of trimming coal in the hold of a sea going vessel during the unloading of its cargo at a wharf is a thing of mere local concern, and that the regulation of it by the State will not cause material prejudice to any characteristic feature of the general maritime law. *Millers' Indemnity Underwriters* v. *Braud*, 270 U. S. 59, 64. It would not be consistent with the decisions of the Supreme Court of the United States and with the decisions of this court so to hold. The work of the employee related directly to commerce and navigation; it was maritime in character and the rights and the liabilities of the parties to the contract of employment are controlled by the admiralty law. It results that the decree must be affirmed; and it is

*So ordered.*