DENIS O'BRIEN *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.   November 9, 13, 1928. — January 4, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Railroad, In loading freight, Employer's liability, Res ipsa loquitur, Proximate cause.   *Proximate Cause.*

At the trial of an action of tort for personal injuries sustained by an experienced freight handler in the employ of the defendant, a railroad corporation which was not a subscriber under the workmen's compensation act, there was evidence that the plaintiff, in company with another freight handler, was engaged in loading burlap bags filled with asbestos into a freight car inside a freight shed; that an electric light commonly used inside the car failed to work, for a reason which did not appear; that the men were told to proceed with the work without the light; that it was dark inside the car; that one of the piles of bags in the car fell over, some of the bags being scattered over the floor; that the plaintiff and his companion were told to build up the fallen pile; that, while the companion was in the act of pushing one of the bags into place, he came into contact with another tier of bags which fell, injuring the plaintiff.   There was no evidence to show that the plaintiff's injury was caused by the presence of bags on the floor of the car, or that the bags were piled improperly, or that the piling was done by an insufficient number of men.   At the close of the evidence, the trial judge ordered a verdict for the defendant.   *Held,* that
   (1) The absence of light did not appear to have been the cause of the plaintiff's injury;
   (2) It did not appear that the plaintiff was not furnished with a reasonably safe place in which to work;
   (3) There was no evidence to warrant a finding that there was negligence on the part of the defendant or of its agents or servants;

(4) The doctrine *res ipsa loquitur* was not applicable;

(5) The verdict properly was ordered for the defendant.

TORT for personal injuries sustained by the plaintiff, a freight handler in the employ of the defendant, when a pile of bags filled with asbestos fell and struck the plaintiff while he was piling such bags in a freight car. Writ dated December 15, 1924.

The plaintiff's declaration contained ten counts. Count 1 contained allegations of negligence on the part of an agent or servant of the defendant; count 3 contained allegations of the defendant's negligence in failing to supply sufficient light in the car where the plaintiff was working; count 4 contained general allegations of negligence on the part of the defendant; and count 5 contained allegations as to unsafe and insufficient premises. Counts 6, 8, 9, and 10 contained similar allegations based on the provisions of the Federal statute relating to liability for injuries to employees, 35 U. S. Sts. at Large, 65, as amended by 36 U. S. Sts. at Large, 291. It was admitted by the plaintiff at the trial that there was no evidence to warrant a finding for the plaintiff under counts 2 and 7.

Material evidence at the trial in the Superior Court before *Sisk*, J., is stated in the opinion. It was agreed that the defendant was a common carrier doing both an interstate and intrastate business, and that it was not a subscriber under the workmen's compensation act, G. L. c. 152.

At the close of the evidence, the judge ordered a verdict for the defendant on each count of the declaration; and reported the action for determination by this court.

*S. R. Jones*, (*F. J. Monahan & H. F. Fanning* with him,) for the plaintiff.

*A. W. Rockwood*, (*F. P. Garland* with him,) for the defendant.

CARROLL, J. The plaintiff was injured while at work as a freight handler for the defendant, at House No. 44 of the Hoosac Tunnel Docks, Charlestown. At the close of the evidence a verdict was directed for the defendant. The case is before us on a report.

Separating House No. 43 and House No. 44 at the docks in question there was a partition running to the roof.   On each side of the partition there was a railroad track.   There were skylights at intervals above the track in House No. 44, and electric lights were strung along the track about seventy or eighty feet apart.   On September 15, 1923, the plaintiff was one of eight freight handlers who were engaged in loading a freight car with burlap bags filled with asbestos.   Just before this work was begun, one of the freight handlers plugged an extension cord into a droplight located about fifteen feet from the freight car, but it failed to light.   The cause of this did not appear.   The men were told to go ahead with the work, that the light would be fixed as soon as possible. The loading of the car proceeded without any electric light in the car.   Four of the freight handlers were engaged in loading one half of the car and the remaining four were engaged in loading the other half.   The men worked in pairs, one Gallivan being with the plaintiff.   The bags were about three feet long, eighteen inches wide and some five or six inches thick, each weighing about one hundred forty pounds.   They were piled parallel lengthwise to the end of the car.   The plaintiff testified it was dark in the car; that it was the practice to have the lights connected with the socket lights and carried into the car.   Just before the accident a pile of the bags had fallen.   The plaintiff and Gallivan were told to build it up.   Some of these bags were scattered on the floor and one was out of place, and Gallivan was in the act of pushing that bag into place when the middle pile in the second tier of bags fell over, striking the plaintiff and injuring him.

The important question is, Was there any evidence of negligence on the part of the defendant or its agents?   Assuming that it was dark, that there was no electric light, there is nothing to show that the plaintiff was injured because of the absence of light.   There was no evidence that the bags were piled improperly; the evidence tended to show they were piled in the usual way.   *Mammott* v. *Worcester Consolidated Street Railway*, 228 Mass. 282, 284.   The absence of light was not the cause of the bags falling and there was

nothing to show what caused them to fall.   The plaintiff was an experienced freight handler, and so far as appeared his fellow workers were competent.   When the plaintiff started to rebuild the pile he was engaged in the ordinary course of his employment, and he cannot successfully contend that he was not furnished with a reasonably safe place in which to do his work because of the absence of light, where this absence is not shown to be the cause of his injury.   The presence of the bags on the floor of the car did not make the place unsafe nor was it shown that the bags had not been properly piled, nor that men in sufficient number were not supplied to do the work of piling the bags.   In addition to this, there was no evidence that the accident was caused by the presence of the bags on the floor of the car.

There was no evidence that the checker was negligent in directing the men to work in the car when the electric light was not lighted, as the absence of light did not cause the plaintiff's injury.   The checker was not shown to be careless in ordering the plaintiff and Gallivan to repile the bags which had fallen, nor was he negligent in failing to warn or instruct the plaintiff who was an experienced man familiar with his work.

While Gallivan was working with the plaintiff he came in contact with the pile of bags which fell and injured the plaintiff.   The plaintiff contends that Gallivan was negligent. A careful examination of all the evidence bearing on this point fails to show that the contention is sound.   Gallivan, according to the plaintiff's testimony, was putting a bag back in its place when the pile fell.   "He took the second bag and pushed it like that (indicating) back in its place, it kicked out from the other tier, pushing it back with his knee."   We are unable to find anything in the testimony indicating negligence on Gallivan's part.   The mere fact that the pile fell does not show this, and it is insufficient to prove such negligence.   See *Morris* v. *Eastern Steamship Corp.* 221 Mass. 306, 307, 308; *Nichols* v. *Boston Elevated Railway*, 231 Mass. 299, 300.

On the facts in the report the doctrine of *res ipsa loquitur* is not applicable.   See *Hofnauer* v. *R. H. White Co.* 186

Mass. 47; *Ryan* v. *Fall River Iron Works Co.* 200 Mass. 188, 192.

As there was no evidence of negligence, the plaintiff cannot recover. We have not thought it necessary to discuss the other questions argued. Judgment is to be entered for the defendant.

*So ordered.*