MORRIS PERLMAN *vs.* JOSEPH BURROWS.

SAMUEL PERLMAN *vs.* SAME.

Suffolk.    October 10, 1929. — January 28, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Negligence,* In use of way.    *Actionable Tort.    Proximate Cause.*

At the trial of an action of tort for personal injuries, there was evidence that, while the defendant was operating an automobile at night on a way, one of its tires became flat; that the defendant stopped the automobile at the side of the way and removed the wheel, which he placed against an electric light pole about a foot from the edge of an adjacent sidewalk; that, in order to loosen the tire which was stuck on the wheel, he commenced to strike the rim of the wheel with a hammer in such a way that, to his knowledge, metal particles flew off the rim as high as his head; that, after he had been hammering for two minutes, the plaintiff came along the sidewalk, walking about two feet from the outside edge; and that, when the plaintiff was two or three feet from where the defendant was, a particle of metal flew from the rim as the defendant hammered it and lodged in the plaintiff's eye. *Held,* that
    (1) A finding was warranted that the defendant was negligent;
    (2) The evidence warranted a further finding that, although the precise occurrence may have been unforeseen by the defendant, injury to others was a probable result of his conduct against which he should have taken precautions.

TWO ACTIONS OF TORT.    Writs dated August 16, 1927.

In the Superior Court, the actions were heard together

without a jury by *Burns*, J., material facts found by whom are stated in the opinion. The judge denied the following rulings, among others, requested by the defendant in each action:

"1. On all the evidence the plaintiff is not entitled to recover.

"2. On all the evidence the defendant was not negligent."

"5. The possibility that a splinter of steel would become dislodged from the rim and would fly into the eye of a passerby was not reasonably forseeable.

"6. One who is doing an act in the ordinary and usual way in which that act is done is not negligent merely because an accident happens where the happening of the accident is not reasonably forseeable or to be anticipated."

The judge found for the plaintiffs in the sums of $5,000 and $20,000 respectively. The defendant alleged exceptions.

*W. B. Leach, Jr.*, for the defendant.

*F. I. Rosenberg*, for the plaintiffs.

FIELD, J. These two actions of tort were heard together by a judge of the Superior Court sitting without a jury. Samuel Perlman, a minor, sued by his next friend to recover damages for injury to his eyes, alleged to have been caused by the negligence of the defendant. Morris Perlman, father of the minor, sued to recover for medical attendance furnished by him to his son and loss of the services of his son, by reason of the injury in question. The trial judge made findings of fact and in each case found for the plaintiff. The defendant excepted to the denial of certain of his requests for rulings. The only question raised by these exceptions which is argued by the defendant is whether the evidence warranted a finding that he was negligent.

The judge made, among others, the following subsidiary findings of fact which were warranted by the evidence. The defendant was driving an automobile on Blue Hill Avenue, Boston; "the right rear tire went flat and he stopped on the right side of the roadway to change the tire . . . . To change a tire it was necessary to take the

wheel off and . . . remove the shoe from the rim. The time was between eight and nine P.M. and . . . defendant was working under an electric light, the pole supporting the light being in a dirt space between the curb and a nine-foot concrete sidewalk. The curb is eight inches wide; from the edge of the curb to the pole is sixteen inches; the pole is twelve inches through, and from the pole to the concrete sidewalk is twelve inches . . . . The shoe was stuck on the rim, and to loosen it, the defendant was banging on the rim with a hammer, the wheel leaning against the electric light pole . . . . Metal particles flew off the rim as the defendant struck it with the hammer and the particles flew off to such an extent that the defendant felt them hit his arm. 'They were coming off on me and up to my head.' He had been banging on the rim for two minutes when plaintiff, a boy, then about fifteen years old, came along the concrete sidewalk, walking about two feet in from the outside, and when two or three feet from the defendant a metal splinter flew from the rim as the defendant struck it with the hammer and lodged in plaintiff's right eye . . . . [The defendant] had a two-minute warning that metal particles were flying as he struck and he was aware of his proximity to the sidewalk."

The judge was justified in concluding that the defendant in striking the rim with the hammer, when in proximity to the sidewalk, and continuing to do so for two minutes knowing that particles were flying off as high as his head, failed to exercise reasonable care under the circumstances. Though the result of the defendant's act in its precise form — the flight of a particle of metal from the rim to the eye of the minor plaintiff as he was walking on the sidewalk — may have been unforeseen or even unprecedented, the judge could have found that in its general nature it was a probable consequence against which the defendant should have taken precautions, and that it was not merely a mischance in the course of prudent conduct of the defendant. Such findings would establish the defendant's negligence. *Hill* v. *Winsor,* 118 Mass. 251, 259. *Dulligan* v. *Barber Asphalt Paving Co.* 201 Mass. 227, 231. *Guinan* v. *Famous Players-Lasky Corp.*

267 Mass. 501, 517.  Compare *Brown* v. *Kendall*, 6 Cush. 292, 297; *Nichols* v. *Boston Elevated Railway*, 231 Mass. 299, 300.

*Exceptions overruled.*