MARTIN KELLY *vs.* EASTERN STEAMSHIP LINES, INC.

Suffolk. December 29, 1931. — March 2, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Employer's liability.

At the trial of an action of tort for personal injuries sustained on April 2, 1926, by a longshoreman working on a ship of the defendant at a wharf in Boston as he was assisting by means of a truck to move a crate of machinery from the ship up a skid to the wharf, the evidence for the plaintiff showed merely that the method being used for moving the machinery was usual; that he was at the handles in front of the truck; that other workmen under the direction of a foreman were pushing the truck; that, when about two yards from the skid, the foreman said, "Come on, boys, push hard and get it onto the chain"; and that the men pushed so hard that the plaintiff was knocked down on his hands and knees. A verdict for the defendant was ordered. *Held*, that

(1) The evidence did not warrant a finding of negligence on the part of the defendant or of any one for whose conduct he was responsible;

(2) The provisions of the Massachusetts workmen's compensation act, G. L. c. 152, were not applicable, since the plaintiff's injuries were sustained on board a vessel in navigable waters and rules of admiralty applied;

(3) The verdict rightly was ordered.

TORT, with a declaration as amended in two counts. Writ dated June 14, 1927.

The substance of the first count of the amended declaration was that the plaintiff on April 2, 1926, while employed by the defendant "was thrown to the ground and seriously and permanently injured while handling a large heavily-loaded truck of merchandise in the course of said employment, by the negligence of the defendant, its agents or servants." The substance of the second count was that,

while the plaintiff was employed by the defendant in unloading a cargo at a wharf in Boston, "owing to the negligence of the defendant or of its officers, servants, agents or employees he was severely injured while so employed, at a place within admiralty jurisdiction."

The action was tried in the Superior Court before *Walsh*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*C. Toye & M. Ruane*, for the plaintiff.

*A. J. Santry & R. Cross*, for the defendant.

Crosby, J. This is an action to recover for personal injuries received by the plaintiff while employed as a longshoreman by the defendant and engaged in hauling a truck loaded with a crate of machinery from the steamship "Cornish," owned by the defendant, onto Union Wharf in Boston. At the close of the evidence of the plaintiff, the defendant filed a motion for a directed verdict in its favor; this motion was allowed and the plaintiff excepted. The defendant introduced in evidence a release signed by the plaintiff, and a check for $32 made by the defendant payable to the plaintiff and indorsed by him.

The plaintiff in describing the accident testified "That he was using an ordinary two-wheel truck, which was one of the trucks usually used there; that there are also four-wheel trucks there and that they are also used for hauling freight, unloading boats and loading them; that the four-wheel trucks are hauled by means of an electric motor and not by the use of the chain; that they were unloading a general cargo, including groceries and machinery; that the machinery they were unloading was in a crate and it was quite big; that the two-wheel truck was the kind they had always used; that Patrick Connors was a foreman on the ship and that Connors directed him to take this piece of machinery; that seven or eight men assisted him; that one man was with him at the handles of the truck and the other men were at the back raising the load onto the truck; that Connors told him and the man with him to

break it down and they got it loaded onto the truck; that then Connors told him to go ahead; that he proceeded along the width of the boat towards the skid; that he was in the handles of the truck with one man alongside of him at the handle of the truck and the other men were at the rear of the truck; that when he got within about two yards of the skid Connors said 'come on, boys, push hard and get it onto the chain' and he was knocked down; that the men pushed so hard it threw all the weight on him; that it was pushed from the top; that there was quite a grade there and the tide was very low and it had to be made with strength alone until it got onto the chain; that when the men pushed down he was knocked down on his hands and knees; that the machinery did not fall off the truck and that the truck at that time was in the ship and had not made the skid; that he got up himself and he saw that the wheels of the truck were against the skid; that Connors asked him if he was hurt and he said he didn't know, but that he felt his back sore; that two men helped him to lift the truck and Connors told them to back the truck into the ship again and then they made a run up and made it that time; . . . that the usual method of discharging cargo that he had taken part in for six months was for a man to take one of the small hand trucks, get the load in order, and carry it up out of the ships over the brow to the chain and that then the cog in the chain would take the axle and carry you up to the level of the dock; that if a man had a piece of heavy freight, a piece of freight more heavy than usual, it was the usual thing for other men to help him with his truck up onto the brow and that they were ordered to do it; that occasionally a particularly heavy piece that couldn't be moved on a truck was carried by these motor trailers; that at the time of the accident he was dragging the truck behind him; that he knew how many men pushed the truck because Patrick Connors told them to stay with the truck; that as a result of a push he was knocked forward on his hands and knees, but no part of the truck struck him and nothing struck his back and he didn't injure his knees or hands."

There was no other evidence bearing upon the question of negligence of the defendant. The important testimony of the plaintiff that "the men pushed so hard it threw all the weight on him" and "as a result of a push he was knocked forward on his hands and knees, but no part of the truck struck him and nothing struck his back" falls far short of showing any negligence of the foreman or of the plaintiff's fellow servants. It indicates merely that the men pushing the truck from behind caused it to move forward faster than the plaintiff who was pulling in front was walking. There was nothing to show that the method used in moving the freight at the time of the accident was unusual or improper. It was the usual way pursued when similar freight was being unloaded. There was no evidence that this particular load was so heavy as to require the use of a four-wheeled truck or a motor trailer. Nor could it be found that the foreman was negligent in ordering the men behind the truck to "push hard," in view of the weight of the load and the fact that it was required to be pushed onto the slanting skid: it was a natural and necessary way to push the truck to unload the freight. As the plaintiff has failed to sustain the burden of showing that he was injured by any act or omission of the defendant or its servants or agents, the trial judge rightly directed a verdict in its favor. *Craven* v. *Mayers*, 165 Mass. 271. *Morris* v. *Eastern Steamship Corp.* 221 Mass. 306. *Kimball* v. *George A. Fuller Co.* 258 Mass. 232. *Block* v. *Opera Holding Co.* 258 Mass. 269, 272. *O'Brien* v. *Boston & Maine Railroad*, 265 Mass. 527. *Kelley* v. *Boston Woven Hose & Rubber Co.* 275 Mass. 21, 23.

The case of *Bowie* v. *Coffin Valve Co.* 200 Mass. 571, is distinguishable in its facts from the present case.

The provisions of the workmen's compensation act, G. L. c. 152, are not applicable to the case at bar as the plaintiff's injuries were sustained on board a vessel in navigable waters and courts of admiralty have exclusive jurisdiction over such an injury and the parties thereto, except where a common law remedy is sought and allowed. *Gillard's Case*, 244 Mass. 47, 51. *Ahern's Case*, 247 Mass. 512. *O'Hara's Case*, 248 Mass. 31. *Dowd's Case*, 265 Mass. 268. *Armburg* v.

*Boston & Maine Railroad,* 276 Mass. 418, 422–423. *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205. *Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 149. *Washington* v. *W. C. Dawson & Co.* 264 U. S. 219.

There being no evidence offered to warrant a finding of negligence, it is unnecessary to consider other grounds of defence argued by the defendant.

*Exceptions overruled.*