FLORENCE M. BOEHM & another[1] vs. S. S. KRESGE
COMPANY.

Hampden.     September 25, 1957. — November 6, 1957.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Negligence*, Store, Obnoxious person.

A finding of negligence on the part of the proprietor of a store toward a
customer therein was not warranted by evidence that in an area where
salesgirls were stationed and managerial employees were assigned with
supervisory duties several children were seen jumping up and down at
refreshment counters located on an aisle seven to seven and one half
feet wide, that twelve to fifteen minutes later the children were again
seen at those counters jumping up and down and running around, and
that as the customer was passing them on her way out of the store at
the later time she was injured when she tripped and fell over the leg
of one of the children which was suddenly extended into her path.

TORT.   Writ in the Superior Court dated October 13, 1953.
The action was tried before *Macaulay, J.*

*S. Thomas Martinelli*, for the plaintiffs.

*Frederick S. Pillsbury*, for the defendant.

COUNIHAN, J.   This is an action of tort in which the female
plaintiff, hereinafter called the plaintiff, in count 2 seeks to
recover for personal injuries sustained by her when she fell
on the defendant's premises by reason of the alleged negli-
gence of the defendant; in count 3 her husband seeks
consequential damages.   A verdict for the defendant was
ordered on count 1, and no exception was taken by the
plaintiffs.   The jury returned a verdict for each plaintiff.
The action comes here upon exceptions of the plaintiffs to
the entry of verdicts for the defendant by the judge under
leave reserved.   There was no error.

Upon the evidence most favorable to the plaintiff the jury
could have found the following: The plaintiff on June 28,

[1] Her husband August Boehm.

1952, entered a store of the defendant in Springfield to make a purchase. As she walked through the store she passed refreshment counters at which root beer, "hot dogs" and frosted malt were sold. She observed several children gathered around these counters. They were jumping up and down. About twelve or fifteen minutes after she entered and after she had completed her purchase, she started to leave the store in the same way by which she had entered. She again observed the same children around the refreshment counters running around and jumping up and down. As she passed them she tripped over the leg of one of the children which suddenly had been extended into her path.

The space in the aisle between the refreshment counters and the counters opposite was seven or seven and a half feet. Four salesgirls were stationed at the counters in the area where the plaintiff fell. Part of their duties was to report the presence of foreign substances in the aisle. Two managerial employees were assigned among other duties to supervise this area. One of these, an assistant manager, was to keep this aisle clear and open. There was no evidence of the space in the aisle beyond where the children were gathered.

It is undoubtedly true that the plaintiff was a business invitee of the defendant at the time of the accident. In these circumstances the "storekeeper was obliged to exercise reasonable care to keep in a safe condition that part of his premises to which customers were invited or at least to warn them against any dangers, not known to them nor obvious to an ordinarily intelligent person, which were either known or ought to have been known to the storekeeper." *Greenfield* v. *Freedman*, 328 Mass. 272, 274, and cases cited.

We are of opinion, however, that the evidence that these children were running around and jumping up and down in an aisle seven to seven and a half feet wide for a period of not more than twelve to fifteen minutes did not warrant a finding that the defendant was negligent. We think that liability in this action is governed by what was said in *Lord* v.

*Sherer Dry Goods Co.* 205 Mass. 1, 3, *Rich* v. *Boston Elevated Railway,* 316 Mass. 615, 618, *Waugh* v. *Great Atlantic & Pacific Tea Co.* 317 Mass. 230, 231–232, and *Burgess* v. *Chicopee Savings Bank, post,* 331.

"To impose liability upon the defendant in these circumstances 'would be to establish an unreasonable standard of perfection rather than to enforce the recognized standard of due care.'" *Greenfield* v. *Freedman,* 328 Mass. 272, 275, and cases cited.

This case is plainly distinguishable from cases like *Fortier* v. *Hibernian Building Association of Boston Highlands,* 315 Mass. 446, *Rawson* v. *Massachusetts Operating Co. Inc.* 328 Mass. 558, and *Greco* v. *Sumner Tavern Inc.* 333 Mass. 144. In those cases the incidents complained of were more violent and extended over a period of time far in excess of the twelve to fifteen minute period which existed in the case at bar so that it could be inferred that they could have been observed and stopped in the exercise of reasonable care.

*Exceptions overruled.*