*Northern District*

No. 6600

**KEM MARIE COLLEY PPA** et al.

v.

**S.S. KRESGE COMPANY**

Argued: Nov. 29, 1967    Decided: Feb. 15, 1968

*Present:* Connolly, J. (Presiding) Parker, Yes-
ley, J.J.

Case tried to *Troy, J.* in the Municipal Court of the
Dorchester District    #R 2543

*Parker, J. In this action of tort,* which was transferred from the Superior Court under G.L. c. 231, § 102c, the plaintiffs seek to recover for injuries sustained by the minor plaintiff. The docket shows that the declaration is in two counts. The pleadings were not made a part of the report so we are unable to determine what the plaintiffs seek in their declaration. The report states that the plaintiffs claim that the defendant was operating a place of business and that the minor plaintiff was a business invitee on these premises where there was a mechanical boat provided to give rides for the amusement of children. She paid for such a ride and while riding in the boat, she was pushed out of it by one of a group of unruly children, causing her to fall and to suffer personal injury. The report states that the plaintiffs further allege "that the minor plaintiff was in the exercise of due care and that her injuries were due to the negligence of the defendant's agents in negligently and improperly permitting a crowd of unruly children to gather and remain in the defendant's place of business for an unreasonable length of time and more especially to gather about the mechanical boat and harass and molest the minor plaintiff". The report states that the defendant's answer was a general denial.

*The evidence reported was that* the minor plaintiff testified she was eight years old at time of accident and had entered the defend-

ant's place of business to purchase a toy, which she did, and after purchasing the toy she put a dime in the mechanical boat and proceeded to ride it. She had ridden the boat before and the ride was a two minute ride. About a minute after her ride started, four boys, two her age and two a little older, came up to the boat, climbed up on the boat and she screamed. One of the boys who climbed up on the boat behind her, pushed her off the boat. She screamed when he pushed her off the boat. After she was pushed off the boat, her leg was under it and it hit her leg several times. The manager came over, unplugged the boat, which was still moving up and down on her leg, and pulled her out, gave her first aid and took her home. She further testified that there was a cashier employed by the defendant standing about 5 or 6 feet away from her at the time she was on the boat and who was facing sideways to the plaintiff. At the time the plaintiff was pushed off the boat, the cashier was waiting on a customer and was ringing up a purchase on her cash register. The cashier looked at the plaintiff as she was screaming, but did nothing.

The defendant filed two requests for rulings as follows:

1. There is no evidence to warrant a finding for the plaintiff.

2. There is evidence to warrant a finding for the defendant.

The court denied the first request, allowed

the second but stated he did not so find, and found for the plaintiff on each count. The defendant appeals from the denial of the first request and from the court's decision not to find for the defendant.

The defendant by its first request alleges that on the evidence a finding for the plaintiffs cannot be made. The facts plainly show, and it is not questioned by the defendant, that the minor plaintiff was a business invitee of the defendant. An inviting person is not an insurer as to the invitee. *Fortier* v. *Hibernian Building Association*, 315 Mass. 446, 450.

The duty of the invitor of a business invitee is to use ordinary care and diligence to keep his premises in a reasonably safe condition, having regard to the construction of the place, the character of the entertainment given and the customary conduct of persons attending. *Rosston* v. *Sullivan*, 278 Mass. 31, 34, and 35. *Boehm* v. *S.S. Kresge Co.*, 336 Mass. 320.

He is not obliged to foresee the improbable, nor expect that a person on its premises will assault another because he is engaged in a frolic, sport, game or other cause. *Rich* v. *Boston Elevated Railway*, 316 Mass. 615. *Isenberg* v. *N.Y. N.H., & H.R.R.*, 221 Mass. 182, 183. This is so even though such an assault or crime is not uncommon. *Burgess* v. *Chicopee Savings Bank* 336 Mass. 331, 333. Due care does not require that special precautions be taken against that which is only remotely possible.

*Greary* v. *H.P. Hood & Sons, Inc.,* 336 Mass. 369, 371.

On the evidence reported it is clear that the minor plaintiff was assaulted by being pushed from behind and out of the boat by one of the boys and as a consequence of this her leg was caught under the boat. There was no evidence to show that the defendant had any reason to anticipate such an assault. There was no evidence as to how long the boys had been in the vicinity or that there had been previous assaults by boys on persons riding in the boat. There was no evidence to show that the boys were unruly previous to their climbing into the boat. The whole episode took place in a very short time. *Cavanaugh* v. *Smith,* 226 Mass. 179. *Marengo* v. *Roy,* 318 Mass. 719. *Andrews* v. *Jordan Marsh Co.,* 283 Mass. 158.

The assault by the boys was an intervening force entirely superseding what had gone before. *Addison* v. *Green Cafe, Inc.,* 323 Mass. 620. *Bellows* v. *Worcester Storage Co.,* 297 Mass. 188, 196.

It may be urged that the defendant was negligent in its actions after learning of the predicament of the minor plaintiff. The evidence shows that the assault came within a minute of the end of her ride. There is no evidence as to where the manager was when he left to come to the aid of the minor plaintiff.

There is no evidence as to where or how the boat was or could be unplugged. There was

no evidence that the cashier was negligent. It was not shown that she could have unplugged the boat before the manager or that she or the manager were negligent after they knew that the minor plaintiff was no longer in the boat. The report contains no evidence to show negligence in the past of the defendant or its agents after learning of the plaintiff's predicament.

We find no violations by the defendant of its duty toward the minor plaintiff as a business invitee and no evidence of negligence on the part of the defendant or its agents.

The court was in error in refusing to grant the defendant's first request, and therefore, the action by the court on the defendant's second request becomes immaterial.

**The finding is to be vacated and judgment entered for the defendant.**

IRWIN I. SPIEL,
  for Plaintiffs.
PARKER, COULTER, DAILEY & WHITE,
  for Defendant.