*Municipal Court of the City of Boston*

No. 168136

## JAY MORAN
## AND
## GLEN MORAN, p.p.a.

v.

## BRADLEE'S CONCESSIONS, INC.
## AND
## STOP AND SHOP, INC.

Argued: June 21, 1968   Decided: Aug. 7, 1968

8

*Present:* Lewiton, J. (Presiding) Shamon, J. and Mottola, Sp. J.

Case tried to *Adlow, C. J.*

Lɛwɪᴛᴏɴ, J. *This is an action* in which the plaintiffs seek to recover for personal injuries received when they were struck by other persons while on the premises of the defendants. The declaration alleged that the defendants carelessly and negligently permitted a group of youths to attack the plaintiffs without cause

or justification on the premises of the defendants.

*At the trial there was evidence tending to show* the following facts: The plaintiffs were members of a band hired by the defendants to play at a new store of the defendants in Brockton, Massachusetts from 8:00 p.m. to 10:00 p.m. on August 19, 1966. The locus of the performance was a parking area near the defendants' store. There were between two-hundred and three-hundred people around the bandstand that evening, on the edge of the parking lot. A number of fights broke out during the course of the evening, started by a group of rowdies who had come into the area. The band performance ended at approximately 9:50 p.m., and from that time, the band began to pack up and store their gear and instruments in two station wagons. Shortly before the cars left the locus, two police officers, specially assigned to police duty and hired by the defendants, left the bandstand area and departed from the locus. Immediately upon their exit, a young man walked up to one of the members of the band as if to congratulate him, and without warning, struck him in the face. Immediately thereafter, a group of twelve hoodlums rushed on to the scene, pulled the members of the band out of the cars, damaged their instruments, and beat up the members of the band, including the plaintiffs.

At the close of the trial, the plaintiffs re-

quested the court to rule "1. That the defendant is liable to the plaintiffs for the damages they received as a result of the defendant not providing adequate police protection to the band of which the plaintiffs were members and hired by the defendant to play at its supermarket." The court, referring to its findings, denied this requested ruling. At the same time the court granted a requested ruling "That the defendants owed the duty to the plaintiffs to protect them from unreasonable risk of harm."

Thereupon the court found the following specific facts:

"I find the defendants provided adequate police protection.

"I find that the plaintiffs were injured by reason of acts of unknown hoodlums of which the defendant had no warning or notice."

The court found for the defendants. The case is before us on the claim of the plaintiffs that they were aggrieved by the denial of their requested ruling No. 1. We find no error by the trial judge.

The plaintiffs were business invitees of the defendants on the premises of the latter. While the plaintiffs were there, the defendants owed them the duty to exercise reasonable care for their safety. *McFadden* v. *Bancroft Hotel Corp.*, 313 Mass. 56, 59. *Fortier* v. *Hibernian Building Assn.*, 315 Mass. 446, 447. *Rawson* v. *Mass. Operating Co., Inc.*, 328 Mass.

558. *Boehm* v. *S. S. Kresge Co.*, 336 Mass. 320, 321.

■ However, the defendants were not insurers of the plaintiffs' safety.

■ They cannot be held responsible for injuries to the plaintiffs which were not reasonably forseeable, and which could not have been prevented by the exercise of reasonable care on the part of those in control of the premises. *Boehm* v. *S. S. Kresge Co.*, 336 Mass. 320, 321-22. *Waugh* v. *Great A&P Tea Co.*, 317 Mass. 230, 231-2. *Rich* v. *Boston Elevated Railway*, 316 Mass. 615. *Lord* v. *Sherer Dry Goods Co.*, 205 Mass. 1.

■ As the Supreme Judicial Court has stated, the degree of care required to be taken for the safety of business invitees varies with the circumstances of each case. *McFadden* v. *Bancroft Hotel Corp.*, 313 Mass. 56, 60.

■ Plaintiff's requested ruling No. 1 was based upon the assumed fact that the defendants had not provided adequate police protection for them. The trial judge's denial of this requested ruling was proper in the light of his finding that the defendants had indeed furnished adequate police protection, and that the plaintiffs were injured by reason of acts of unknown hoodlums of which the defendants had no warning or notice. We cannot say that these findings are plainly wrong, or that he was required as matter of law to find otherwise. *Kelsey* v. *Hampton Court Hotel Co.*, 327 Mass.

150, 152. *Casey* v. *Gallagher,* 326 Mass. 746, 748-9.

For one thing, the trial judge may have disbelieved some of the evidence which is summarized in the early part of this opinion, pertaining to fights which allegedly were started by a group of rowdies during the course of the evening. Even accepting this evidence, however, there is nothing in the report to indicate that the group of rowdies who had started such other fights had remained on the premises until the close of the band performance or had participated in any manner in the attack on the plaintiffs. There is nothing in the report to indicate that the hoodlums who struck the plaintiff and his fellow bandsmen had been observed, or should have been observed, on the premises before the attack, or had given any prior indication of disorderly conduct or intent. In this respect, this case differs from others in which the person or persons committing an unprovoked assault on a business invitee had been observed, or should reasonably have been observed, acting improperly for an appreciable period of time prior to the incidents causing injury to the plaintiffs in those cases. *Rawson* v. *Mass. Operating Co. Inc.,* 328 Mass. 558. *Fortier* v. *Hibernian Building Assn.,* 315 Mass. 446. *Quigley* v. *Wilson Line of Mass., Inc.,* 338 Mass. 125.

It should be noted also that the report does not indicate how long after the conclusion of

the program the assault on the plaintiffs occurred, or how many persons, if any, still remained on or about the premises of the defendant immediately prior to the attack on the plaintiffs, or what were the conditions prevailing at the time the police officers left the premises. Neither is there any evidence reported as to the interval of time between the departure of the police officers and the assault on the plaintiffs. In short, even if the trial judge accepted as true all of the evidence summarized in the report, which he was not required to do, we could not say that he was required to rule as a matter of law that the defendants had failed in their duty to exercise reasonable care for the safety of the plaintiffs. **Report dismissed.**

GOTTLIEB & ROSENBLUM
   of Boston for the plaintiffs
JAMES D. CASEY
   of Boston for the defendant